The opinion of the court was delivered by
Tilghman, C. J.
This is an action of debt on a bond for 5,000 dollars, payable the 1st April, 1815, brought by the executors of James Anderson, deceased, the obligee, against Benjamin, Abraham, and Christian Long, the obligors. The defendants pleaded payment with leave, &c.; replication, non-payment, and issue. The bond was given in consideration of some real estate in the Borough of Marietta, in Lancaster county, sold by James Anderson to Benjamin Long, one of the defendants, and the defence set up was of a threefold nature. First, fraud in the obligee. Second, actual payment by the obligors. Third, a deficiency in the quantity of land contracted for. The defendant having given evidence of several sums of money paid to Anderson, and of the deed of conveyance from Anderson to Benjamin Long, offered in evidence, the articles of agreement between the said Anderson and B. Long, for the sale of the said property, to which the counsel for the plaintiffs objected. The court admitted the evidence, and an exception was taken to their opinion. In support of the exception, it is contended, that the agreement was executed by the deed of conveyance, and therefore, no longer to be regarded. So far as the articles were executed, they were no longer of importance, but still, it might be of service to the defendants to show them to the jury. It was necessary to their defence, to prove, that the bond was given for the purchase of the property sold to Benjamin Long, by Anderson. This did not appear, either on the face of the bond, or of the conveyance, but might be proved by the articles, which specified what bonds should be given, and when they should be payable. There was another reason too why the articles were evidence; they contained a stipulation, that six months notice should be given to B. Long, before demand of payment. The defendants complain that this circumstance was concealed from two of them, Abraham and Christian, who are sureties for Benjamin, and that this-was fraud in the obligee. I will not say wh'at strength there is in a defence of that kind, but the court might think it worthy of consideration, and it might have had some weight in the decision • of the question, whether the articles should be received as evidence. I am of opinion, therefore, that there was no error in receiving them.
Another exception taken by the counsel for the plaintiffs was, to the opinion of the court, in rejecting evidence offered by the plaintiffs of the character of James Anderson, for honesty and integrity-. In a criminal prosecution, the plaintiff may give evidence of his character, but in civil actions, except those in which *61 character is put in issue, the law is otherwise. The plaintiffs counsel say, that the character of James Anderson was put in issue here, because the defendants accused him of fraud. But that is not putting his character in issue. By the same mode of reasoning, the defendant’s character is put in issue, in every action of assumpsit, because the declaration charges him with an intent to deceive and defraud the plaintiff. Indeed, in most of the controversies in Courts of Justice, it may be said, with some degree of truth, that character is in question; because an honest man would not act with injustice. But putting character in issue is a technical expression, and confined to certain actions, from the notice of which, the character of the parties, or some of them, is of particular importance. Such is the action brought by one man against another, for seducing his wife, and having criminal connection with her. There the injury done to the plaintiff, consists mainly in the good conduct of his wife, before her seduction; and therefore, the defendant is permitted to show that she was unchaste. So in an action of slander, the plaintiff in his declaration, asserts his own good character, and avers the intent of the defendant to rob him of it. He puts his character in issue, therefore, and the defendant is at liberty to impeach it. But it never has been supposed, that character is put in issue merely by the charge of fraud, made by one party against the other. I am of opinion, therefore, that this evidence was properly rejected.
There was a third exception taken by the counsel for the plaintiffs, to the opinion of the court below. The defendant had given evidence of payment, not so positive but that it might admit of question, and it was of payment by money borrowed from the Bank of York, on a note, of which Benjamin Long was drawer, and James Anderson indorser. This money was borrowed of the bank nearly a twelvemonth before the bond was due, and the plaintiffs supposed,' that it was applied to some other purpose, which, in consequence of the death of Anderson, it was difficult to explain, and in order to show the improbability of Anderson’s receiving payment of this bond in so extraordinary a manner, they offered evidence, that in the autumn of the year 1813, and spring of 1814, he had received from another person, sums of money amounting to 50 or 60,000 dollars. This evidence was rejected by the court. Under the circumstances of the ease, I think it should have been admitted. In a doubtful case it might have had some weight. It certainly was somewhat singular, that Anderson, supposing him to be in the receipt of large sums, should have had recourse to an anticipated payment of the defendant’s bond, by pledging his own responsibility to the Bank of York, for the money received in payment. It is also to be taken into consideration, that by the death of Anderson, the plaintiffs may be unable to give as full explanations of a transaction, which he could easily have elucidated. The evidence which they offered, might not, per se, have been sufficient. *62 lo counteract the force of the defendants evidence. But I am of opinion, that it was pertinent, and ought not to have been rejected.
There is one more point in this cause, on which it is proper to express an opinion. The jury found a verdict for the defendants for 6,000 dollars, to be deducted from the other bonds given by the defendant to James Anderson, which were not due when this action was commenced ; and judgment was entered on the verdict. The defendant’s counsel contend, that whether this be an error or not, the plaintiffs cannot now take advantage of it, because they did not assign it for error. In strictness, they certainly cannot, because the rule of court has not been complied with. Nevertheless, the court always reserves to itself the right to correct an error which stares them in the face, when they think the justice of the case requires it. At present it is immaterial whether this error is noticed by the court or not, because the judgment is to be reversed for an error in one of the exceptions on which an opinion has been, already given. But it is for the benefit of the defendant to be informed of the court’s opinion, that the verdict was not warranted by law, and the judgment could not stand. It has been heretofore decided, that where issue is joined on the plea of payment with leave, &c. the jury cannot find any sum due from the plaintiff to the defendant. To authorise such a finding, some other notice must be given. Neither can the jury find such a verdict as has been given in this case, under any issue on any notice. At common law, a verdict cannot find a sum of money to be recovered by the defendant of the plaintiff. But by the “act for defalcation,” passed in the year 1705, 1 Sm. L. 49, “if it appear to the jury that the plaintiff is overpaid, they shall give their verdict for the defendant, and \vithal, certify to the court, how much they find the plaintiff to be indebted, or in arrear to the defendant, more than will answer the debt or sum demanded, and the sum so certified shall be recorded with the verdict, and deemed a debt of record; and if the plaintiff refuse to pay the same, the defendant for recovery thereof, shall have a scire facias against the plaintiff, and have execution for tfie same, with the costs of that action.” Now, the jury have not complied with the directions of this act. No scire facias can issue on this finding. They have ordered the sum found by them, to be deducted from another debt due from the defendants to James Anderson. Why they did so, we know not. If they thought, from the evidence, that it was the agreement of the parties, that this money should be so applied, they should have found for the defendant in this action, and no more. The other bonds should have been left to themselves; and if hereafter the plaintiffs should bring suit on them, the defendants will have an opportunity, under this plea of payment, to give evidence of their being paid, in whole, or in part. But when this cause comes to trial again, in the court below, the defendants may give such notice as will jus-* tify a verdict for any sum which the jury may think due from the *63 plaintiffs to the defendants; and in such case, the counsel will, no doubt, see, that the verdict- is entered according to the act of assembly. Upon the whole, I am of opinion, that the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.