### Humphrey *against* Humphrey.

In civil proceedings, unless the character of the party be directly put in issue, by the proceeding itself, evidence of his general character is inadmissible.

And it makes no difference, whether such evidence is offered to rebut positive or presumptive testimony.

Therefore, where the respondent, on the hearing of a petition for a divorce, on the ground of adultery, for the purpose of rebutting presumptive testimony, adduced by the petitioner, to prove that crime, offered evidence that her general character was fair; it was held, that such evidence was inadmissible.

*Litchfield,*
June, 1828.

Humphrey
*v.*
Humphrey.

THIS was a petition for a divorce, charging the respondent *Hannah Humphrey,* the wife of the petitioner, with having committed the crime of adultery. On the hearing before *Peters,* J., *Litchfield* county, *February* term 1828, the petitioner, for the purpose of proving the crime alleged in the petition, introduced a witness, who testified, that in *January,* 1827, he and several other persons were in *Virginia,* on business; that the respondent was with them, in the capacity of a cook; that they occupied one room only, which was not large; that in this room, there were eight or nine beds, in view of each other, in which they all slept; that the bed in which the respondent usually slept, stood in a corner of the room, with curtains about it; that while the inmates of this apartment were all present and in bed, between 9 and 10 o'clock at night, and while there was so much light that a person might be distinctly seen over the room, the respondent, after remarking that it was a cold night to sleep alone, took off her gown and got into bed, in view of all the persons in the room, with two men, and there remained with them until the witness went to sleep. The witness also testified, that about the 1st of *March* 1827, a man, in the course of the evening, lay down upon the bed of the respondent; some time after which, she went within the curtains; and that about an hour afterwards, the man got up and left the bed. To rebut the presumption of the respondent's guilt arising from this testimony, her counsel offered sundry witnesses, to prove, that they had been well acquainted with her for several years; and that she had always sustained a fair character. To the admission of this evidence, the petitioner objected; but the court admitted it, and denied the application for a divorce. The petitioner moved for a new trial, on the ground that the evidence adduced by the respondent was improperly admitted.

*J. W. Huntington* and *T. Smith,* in support of the motion.

*P. Miner,* contra.

DAGGETT, J. By the motion, it appears, that the testimony

*Litchfield,*
June, 1828.

Humphrey
*v.*
Humphrey.

to the adultery of the respondent, was presumptive rather than positive ; and the judge, at the circuit, supposed, that evidence of general character was properly received to rebut such testimony.    It seems quite clear, that the nature of the proof given by the petitioner, lays no foundation for the introduction of this species of evidence.

The question is merely, did the respondent commit adultery ? If she might be permitted, in this case, to repel proof of that fact, by showing the goodness of her character, she might, in any other instance, be the proof positive, or merely presumptive.    The court is, therefore, called upon to decide a general question, applicable to all similar cases.    The rule of law is, that in civil proceedings, unless the character of the party be directly put in issue, by the proceeding itself, evidence of his general character is not admissible.    *Swift's Ev.* 140.    2 *Starkie's Ev.* 366.    This rule ever has been regarded in our courts, and is too firmly established to be shaken, at this day. More than forty years since, in *Woodruff* v. *Whittlesey, Kirby* 62., on a question whether a conveyance of land was fraudulent, the evidence of the character of the parties to it as to honesty, was rejected by the court ; and in no instance within my knowledge, has such evidence been received in any civil proceeding, unless character was thereby put in issue.    Causes charging cruelty, gross fraud, and even forgery, are often agitated in suits by individuals ; and the result not unfrequently deeply affects the property and reputation of the party ; yet no individual has been permitted to attempt to repel the proof, by showing a good reputation.

In actions of slander, &c., in which the plaintiff's character is alleged good, to entitle him to exemplary damages, such enquiries are permitted, and for satisfactory reasons : The compensation for injury to character should be proportioned to its worth.

The present is a civil suit.    Character is not put in issue by the proceedings ; and if it can be given in evidence, it may also be given in evidence, in all in enquiries into facts, affecting the reputation, in other civil cases.    This principle would lead to great uncertainty, and be productive of no benefit in the administration of justice.

" Formerly, evidence of the defendant's good character, in criminal proceedings, was admitted in capital cases only, and that *in favorem vitæ;* but such evidence is now admitted in all

cases, where the character of the defendant is in jeopardy." *Litchfield,*
2 *Starkie's Evid.* 365.   But the relaxation of the rule in crim-
inal cases, has not affected the rule in civil suits.

It may be sufficient to dispose of this motion, to observe,
that the principle adopted by the court below, is unsupported
by authority, and has nothing to recommend its adoption.   It
would make an innovation on the rules of evidence, for which
I can see no good reason ; and therefore, it ought not to be
sanctioned.   A new trial ought, therefore, to be granted.

HOSMER, Ch. J., and LANMAN, J., were of the same opinion.

PETERS, J., dissented.

BRAINARD, J., was absent.

New trial to be granted.