### HOUGHTALING *vs.* KELDERHOUSE.

In an action for slander, where the defendant, under a plea of justification, has proved facts and circumstances tending to show the truth of the charge uttered, it is not competent for the plaintiff, in reply to such testimony, to introduce evidence of his good character.

The cases of *Ruan* v. *Perry,* (3 *Caines,* 120,) and *Townsend* v. *Graves,* (3 *Paige,* 435,) so far as they hold a different rule, shown to have been overruled in this state.

THIS was an action of slander, for charging the plaintiff with having killed the defendant's horses by administering poison to them. The defendant pleaded not guilty, and gave notice of justification. The cause came on for trial at the Albany circuit in June, 1845. On the trial the plaintiff proved the speaking of the words as laid in the declaration. The defendant then proved that his horses had been poisoned, and died in consequence thereof on the night of the 6th of November, 1844. The defendant also proved, that, in July, previous to the poisoning, there had been a difficulty between the parties, on the occasion of the settlement of a note the plaintiff held against the defendant, when the plaintiff used harsh language and exhibited some ill feeling against the defendant. The defendant also proved facts and circumstances tending to show that the plaintiff was guilty of having poisoned the horses. After examining a large number of witnesses in support of such justification, he rested his defence.

The plaintiff then offered to prove that after the settlement of the note, and prior to the poisoning, the plaintiff told the witness, in a different conversation and in the defendant's absence, that he was satisfied with the said settlement. This evidence was objected to by the defendant's counsel, and excluded by the circuit judge; to which decision the plaintiff's counsel excepted.

After the plaintiff's counsel had called witnesses and intro-

duced evidence in reply to the defendant's testimony, he offered to prove that the plaintiff's general character was good. The defendant's counsel objecting, this evidence was also excluded by the judge, and his decision excepted to by the plaintiff.

The jury gave a verdict in favor of the defendant, and the plaintiff moved for a new trial on a bill of exceptions.

*H. G. Wheaton*, for the plaintiff.

*R. W. Peckham*, for the defendant.

*By the Court*, PARKER, J. It cannot be necessary to refer to cases, to show that the judge was right in not permitting the plaintiff to prove his own declarations, made in the absence of the defendant, and in a conversation different from that previously proved on the other side. The general and well settled rule that forbids a party making his declarations evidence in his own favor was clearly applicable. Nothing had been proved on the part of the defendant to bring the evidence offered within any exception to that rule.

But the principal point made by the plaintiff, in moving for a new trial, is that the circuit judge refused to receive evidence that the plaintiff's general character was good, which evidence was offered by the plaintiff after testimony had been introduced on the part of the defendant, tending to show that the plaintiff had poisoned the horses of the defendant.

The rule, as laid down by the chancellor in *Townsend* v. *Graves*, (3 *Paige*, 455,) is broad enough to admit the evidence in question. The chancellor there says, " It is a general rule of evidence that if a party is charged with a crime, or any other act involving moral turpitude, which is endeavored to be fastened upon him by circumstantial evidence, or by the testimony of witnesses of doubtful credit, he may introduce proof of his former character for honesty and integrity, to rebut the presumption of guilt arising from such evidence, which it may be impossible for him to contradict or explain." And the chancellor proceeds to say, without dissent, that such doctrine has

been held applicable to a defendant in a civil suit, in *Ruan* v. *Perry*, (3 *Caines*, 120.) The case last cited went that entire length, and in delivering the opinion of the court in that case, Tompkins, justice, says: "The evidence of character was also, in my opinion, properly admitted. In actions of tort, and especially charging a defendant with gross depravity and fraud, upon circumstances merely, as was the case here, evidence of uniform integrity and good character is oftentimes the only testimony which a defendant can oppose to suspicious circumstances." The same rule was held in *Harding* v. *Brooks*, (5 *Pick.* 244.)

But the case of *Ruan* v. *Perry* has been distinctly and repeatedly overruled by the supreme court of this state, and the English rule adopted, as laid down in *The Attorney General* v. *Bowman*, (2 *Bos. & Pull.* 532, *note a.*) In *Fowler* v. *The Ætna Fire Ins. Co.*, (6 *Cowen*, 673,) in commenting on the case of *Ruan* v. *Perry*, Savage, Ch. J. says: "If such evidence is proper, then a person may screen himself from the punishment due to fraudulent conduct till his character becomes bad. Such a rule of evidence would be extremely.dangerous. Every man must be answerable for every improper act, and the character of every transaction must be ascertained by its own circumstances, and not by the character of the parties." In the later case of *Gough* v. *St. John*, (16 *Wend.* 646,) this question is fully examined by Cowen, justice; who says the case of *Ruan* v. *Perry* is virtually exploded by the late authorities, and that the practice of receiving such evidence has not for many years been followed at the circuit, to any considerable extent. Opposed to *Ruan* v. *Perry*, are also the cases of *Woodruff* v. *Whittlesey*, (*Kirby*, 60;) *Anderson* v. *Long*, (10 *Serg. & Rawle*, 55;) *Nash* v. *Gilkeson*, ( 5 *Id.* 352;) *Potter* v. *Webb*, (6 *Greenl.* 14;) and *Humphrey* v. *Humphrey*, (7 *Conn. Rep.* 116.) And Justice Cowen cites with approbation the following extract from the opinion of Daggett, justice, in the case last referred to. "Causes charging cruelty, gross fraud, and even forgery, are often agitated in suits by individuals; and the result not unfrequently affects the property and reputation

of the party deeply ; yet no individual has been permitted to attempt to repel the proof by showing a good reputation." And in the opinion of Justice Cowen on this point, Chief Justice Nelson and Justice Bronson concurred.

I cannot, therefore, hesitate to regard the rule as now well settled in this state, that such evidence is inadmissible in a civil suit. At the time the case of *Townsend* v. *Graves* was decided, in 1832, it had probably escaped the notice of the chancellor that the case of *Ruan* v. *Perry* had been overruled by the decision in 6 *Cowen,* made in 1827. And the still later case of *Gough* v. *St. John* seems to have put the question at rest in this state. Indeed there appears to be a good reason for the distinction that is taken. In a criminal prosecution, it is safest, in mercy to the accused, that he should avail himself of his previous good character to save himself from punishment in a doubtful case : but in a civil suit, where the personal rights of opposite parties are to be weighed in a nicely adjusted balance, no proof, except that relating to the facts in controversy, should be admitted to turn the scale.

The admission of such evidence in a criminal case, is but an exception to what must be regarded a general rule, resting upon principle. If the plaintiff might prove his good character to resist the conclusion of his guilt, then it would have been equally proper for the defendant, in the first instance, to introduce evidence of the bad character of the plaintiff, for the purpose of sustaining his justification. If character can be legitimately examined, with a view to ascertain the fact of guilt, neither party could be prevented giving evidence in regard to it. The absurdity of such a practice is, we think, apparent.

New trial denied.