## PRATT *vs.* ANDREWS.

A party to a civil suit can only give evidence of the good character of himself, his wife, servant or witness, in answer to impeaching evidence on the other side.

*Held*, in an action for *crim. con.* that the plaintiff could not give evidence of the good character of the wife previous to the adultery, there being no evidence on the other side impeaching her previous general character, or her conduct with any other person than the defendant himself.

When in such an action the wife's character for chastity has been attacked, either by the testimony of witnesses on the part of the defendant, or by the course of cross-examining the plaintiff's witnesses, evidence in support of her character will be received.

But *quere*, whether such evidence is admissible where the character of the wife has been assailed, not generally, but only by proof of particular acts of misconduct.

APPEAL from the supreme court of the sixth district. This was an action for criminal conversation with the plaintiff's wife, charging that the same took place at different times during a [494] period of eight or nine months, while the defendant was attending her as a physician. The answer did not deny the adultery charged in the complaint, but set up as a defence that the improper intercouse took place through the connivance, with the knowledge, and by the consent of the plaintiff. On the trial the plaintiff gave no evidence of the adultery, as it was admitted by the pleadings. The defendant gave evidence of various acts of improper conduct between the wife and himself during the period in question, and evidence tending to show that the plaintiff knew of such improper conduct. The defendant neither gave nor offered any evidence against the general character of the wife; nor did he prove or attempt to prove any particular act of misconduct on her part, except the acts in question in this suit. The plaintiff then offered to prove that the reputation of his wife was good until the defendant commenced doctoring her. The judge at the first rejected the evidence, but afterwards admitted it; and the plaintiff called several witnesses who swore that the wife's character was good until the time of the transactions in question. The defendant excepted to the decision of the judge in admitting the evidence; and a verdict and judgment having passed for the plaintiff, the defendant appealed to this court.

Dana and Beers, for appellant.

Love and Freer, for respondent.

BRONSON, Ch. J. The general rule is so well settled that authorities need not be cited to prove it, that a party to a civil suit can only give evidence of the good character of himself, his wife, servant or witness, in answer to impeaching evidence on the other side: and I do not find that an exception to the rule has ever been made in actions of this kind. There is a passage in Buller's Nisi Prius, (p. 27,) to the effect that in the action

for adultery, the plaintiff may give evidence of the prior good character of the wife; but no authority is cited in support of the saying; and if the meaning of the author be that such evidence is admissible where the character of the wife has not been previously attacked by the defendant's evidence, no au- [495] thority in support of the position has fallen under my observation. So far as relates to this question, there is no difference between actions of adultery with the wife, and actions for seducing a daughter or servant: and in the latter class of cases it is settled that the plaintiff can not give evidence in support of the character of the daughter or servant, until after her character has been attacked by the defendant. (*Bamfield* v. *Massey*, 1 *Camp.* 460; *Dodd* v. *Norris*, 3 *id.* 519; *Wilson* v. *Sproul*, 3 *Penrose & Watts*, 49.) It will be seen from the cases in Campbell that Lord Ellenborough would only allow evidence of general good character to be given in answer to evidence of general bad character, and not in answer to proof of particular acts of misconduct. Some have thought this was going too far. In *Bate* v. *Hill*, (1 *Carr & Payne*, 100,) which was tried before Park, J. the plaintiff gave evidence, without objection so far as appears, of the general good character of the daughter in answer to proof drawn out on the cross-examination, of particular acts of misconduct on her part prior to the seduction. If it was necessary to decide the point, I should agree with Lord Ellenborough that such evidence is not admissible. But the question need not be decided in this case; for the defendant had made no attack, in any form, upon the character of the plaintiff's wife previous to the period in question. He had not gone a single step beyond giving evidence tending to show that the plaintiff had connived at the misconduct of which he complained in this action; and clearly, proof of the wife's former good character had nothing to do with that matter.

The best writers upon the law of evidence are agreed upon this question. Mr. Phillipps says : In actions for adultery and seduction, general evidence of the good character of the wife or daughter is admissible, where the defendant has attempted to impeach it by general evidence upon cross-examination, or by

calling witnesses; but it may be doubted whether the plaintiff, in reply, can give general character in evidence, where the defendant's evidence has not been general, but has related to particular instances. (1 *Phil. Ev.* 467, *Amer. ed.* 1849.) Again he [496] says : If the wife's character for chastity has been attacked, whether by the testimony of witnesses called on the part of the defendant, or by the course adopted in the cross-examination of the plaintiff's witnesses, evidence in support of her character will be properly admitted, either in chief, or by way of reply. (3 *Phil. Ev.* 214.) Mr. Greenleaf says : Though the general character of the wife is in issue in this action, the plaintiff can not go into general evidence in support of it, until it has been impeached by evidence on the part of the defendant, either in cross-examination or in chief : but whether the plaintiff can rebut the proof of particular instances of misconduct by proof of general good character may be doubted ; and the weight of authority seems against its admission. (2 *Greenl. Ev.* § 58.) Mr. Starkie, after remarking that the plaintiff can not in general go into evidence of good character to increase the damages, adds : The plaintiff in an action for adultery with his wife, or for the seduction of his daughter, can not give evidence of the good character of the one or the other, until the defendant has given evidence to impeach it : for, until the contrary appear, their previous characters are presumed to be good. (2 *Stark. Ev.* 306, *Amer. ed.* 1842.) Other authors lay down the same general rule. (*Rosc. Civil Ev.* 37, 367; 1 *Steph. N. P.* 26.) And there is, I believe, no writer on the other side of the question, unless the remark in Buller's Nisi Prius is to be regarded as an exception.

Evidence of general character is not so freely admitted now as it was formerly. A party to a civil suit was at one time, or rather on one occasion, allowed to give evidence of his good character in answer to circumstantial evidence on the other side imputing to him a gross fraud. (*Ruan* v. *Perry,* 3 *Caines,* 120.) But that case was long since overruled. (*Gough* v. *St. John.* 16 *Wend.* 646.) And this court has recently held in *Houghtaling* v. *Kilderhouse,* (1 *Comst.* 530; 2 *Barb.* 149, *S. C.*) that in actions

of slander for charging the plaintiff with killing the defendant's horses by poison, the plaintiff cannot give evidence of his good character in answer to evidence on the other side tending to show him guilty of the crime imputed to him. In point [497] of principle that case goes the whole length of deciding the one under consideration : for here the defendant gave no evidence touching the character of the wife, anterior to the misconduct in question.

I am of opinion that the judgment is erroneous, and ought to be reversed.

Judgment reversed.