LOUISA C. WRIGHT *v.* THOMAS W. McKEE.

*Evidence.    Pleading.*

Evidence of general good character is not admissible as a defence in civil cases, except where the question of character is directly in issue and material to the amount of damages—as in slander and seduction—even though the plaintiff's testimony virtually charges the defendant with the crime of embezzlement.

If a count in trover against a carrier sets forth the business of the defendant, and his negligence and the loss thereby, it will be sufficient without setting forth his duty as carrier.

TROVER, with a count in trespass for a package of money.

On the trial the plaintiff filed the following new count by leave of the court :

" Now comes the plaintiff in the above entitled cause, and in a plea of the case declares and says that heretofore, to wit : on the 7th day of December, A. D. 1861, the defendant, who was a jobman in Montpelier, in said county, undertook safely, securely and promptly to deliver a certain package of money, the property of the plaintiff, from the residence of the plaintiff in said Montpelier, to one Rawsel R. Keith, in said Montpelier.   And the plaintiff avers that the package was of great value, to wit : forty-four dollars in bank bills, and four dollars and eighty-six cents in specie, and all of the value of forty-eight dollars and eighty-six cents, which the defendant then and there received.   Yet the defendant, not regarding his said duty, or undertaking as aforesaid, but contriving and intending to injure the plaintiff, did not and would not safely, or securely, or properly convey said package of the value aforesaid to said Keith as aforesaid, nor there deliver the same to the said Keith ; but on the contrary thereof, the defendant so carelessly and negligently behaved and conducted himself in the premises that, by the gross negligence and carelessness and default of the defendant, the said package with its contents became and was wholly lost to the plaintiff,— to the damage," &c.

This count was filed by consent of counsel after the trial had commenced.

The case was tried by jury at the March Term, 1864, PECK, J., presiding, on the original and new count so filed, under the plea of not guilty.

Wright *v.* McKee.

The facts established by the evidence and the questions raised upon the evidence are set forth in the opinion of the court. Verdict for the plaintiff.

. After verdict, and before judgment thereon, the defendant filed a motion in arrest, and on the hearing upon the motion insisted that the new count filed was in *assumpsit*, and that there was therefore a misjoinder, for which cause judgment should be arrested. The court over-ruled the motion and rendered judgment for the plaintiff on the verdict,—to which the defendant excepted.

The attention of the court was not brought to the question of this new count until the hearing on the motion in arrest.

On motion of the plaintiff the court adjudged that the cause of action arose upon the wilful and malicious act and neglect of the defendant, and that he ought to be confined in close jail. To this decision the defendant excepted.

*Wing & Lund*, for the defendant.

*Redfield & Gleason*, for the plaintiff.

ALDIS, J. The plaintiff delivered to the defendant a package of bank bills and silver—in value $48.86—to carry to Mr. Keith. From the time the defendant took it till he delivered it to Keith it was always in the defendant's possession. He claims to have delivered it to Keith just as he took it. When Keith opened the package there was nothing but waste paper in it. The conclusion seems irresistible that either the defendant stole the money from the package, or that the plaintiff did not put it in. The defendant and plaintiff differ upon one point. The plaintiff says she and the defendant *together* put the money into the package and tied it up with a string ; the defendant says that after the money was counted and put into the package and before it was tied up, she took the package, went to another part of the room near a stand, and returned apparently in the act of tying up the package, and when she had tied it up dropped it into a bag in which he carried it to Keith. The defendant's version gives the plaintiff a chance to have slipped the money out of the package unobserved before she handed it to him. The plaintiff's excludes such supposition and fastens the embezzlement of the money on the defendant.

The material points of the evidence thus resting on the testimony

Wright *v.* McKee.

of the two parties and the plaintiff's testimony virtually charging the defendant with the crime of embezzlement—the defendant offered the testimony of witnesses to show 'that he sustained a good charac-ter for honesty and integrity. To this the plaintiff objected upon the ground that the action being trover for the money, the evidence was not admissible. The court excluded the evidence. The question we have here to consider is,—was there error in this ruling?

We are not aware that this point has ever been before this court.

In criminal cases the respondent is permitted to introduce evidence of this kind. In civil cases where the question of character is di-rectly in issue and material as to the amount of damages—as in slan-der and seduction—it is admitted.

This we think is the extent to which it ought to be admitted in civil suits.

In criminal cases the law allows it to the respondent out of tender-ness—to help him if it may in his necessity, as it gives him the ben-efit of every doubt. And even in criminal cases the law regards it of value only when the other evidence leaves the case in doubt, and general good character may be fairly invoked to rebut suspicious cir-cumstances.

Many considerations concur in rejecting such evidence in civil cases.

Evidence of this character has but a remote bearing as proof to show that wrongful acts have or have not been committed, and the mind resorts to it for aid only when the other evidence is doubtful and nicely balanced. It may then perhaps serve to turn the waver-ing scales. Very rarely can it be of substantial use in getting at the truth.

It is uncertain in its nature—both because the true character of a large portion of mankind is ascertained with difficulty, and because those who are called to testify are reluctant to disparage their neigh-bors,—especially if they are wealthy, influential, popular, or even only pleasant and obliging. It is mere matter of opinion, and in matters of opinion men are apt to be greatly influenced by prejudice, partisanship, or other bias, of which they are unconscious; and in cases which are not quite clear they are apt to agree with the one

who first speaks to them on the subject, or to form their opinions upon the opinions of others.

The introduction of such evidence in civil causes, wherever character is assailed, would make trials intolerably long and tedious and greatly increase the expense and delay of litigation. It is a kind of evidence that might be easily manufactured—is liable to abuse and if in common use in the courts, as likely to mislead as to guide aright. The authorities are quite unanimous in excluding such testimony. Many of the cases have been referred to by the counsel for the plaintiff.

In New York the early case of *Rusen* v. *Perry*, 3 Caines, 120, which favored the admission of such evidence has been overruled.

See *Gough et al.* v. *St. John*, 16 Wend. 645, where Judge Cowen cites many decisions upon the point.

In Connecticut in *Humphrey* v. *Humphrey*, 7 Conn. 116;—in Maine, 6 Greenleaf, 14;—in Pennsylvania 10 Serg. & Rawle, 55, the same doctrine is recognized.

In South Carolina the case of *Smets* v. *Plunket*, 1 Strobhart, 372, furnishes a well reasoned and satisfactory opinion in favor of the same rule.

So too are the elementary writers, 1 Greenleaf Ev. §§ 54 and 55. 1 Phil. Ev. 467, and Cowen & Hill's notes thereto; 1 Starkie's Ev. 366.

It is needless to cite the numerous cases in this country and in England. It is the settled rule of the common law.

2. It is claimed that the count last filed is in *assumpsit* and hence a misjoinder of counts.

It has been urged in argument that not only the business of the defendant as " a jobman" should be set up as it is, but that his duty resulting therefrom, to carry and deliver parcels in the village, should have been expressly alleged, and that without this the count cannot be in *case*. We have examined Mr. Chitty's forms and have been unable to find in any precedent in *case* any such express allegation of duty. The business of the carrier or inn-keeper, &c., is fully stated, and there the precedents stop,—not setting forth the duty, which is but an inference of law from the facts already stated.

The gist of the matter and the allegation which especially distinguishes the counts in *case* from those in *assumpsit* is the omission of the consideration and the averment of negligence. In these respects the count conforms to the precedents in *case*. The form in *Coggs* v. *Bernard* is like the one at bar.

3. The action being in tort the court might properly grant the certificate that the cause of action arose from the wilful and malicious act of the defendant.

Judgment affirmed.