## IN GENERAL TERM, 1873.

TEMPLE C. HARRISON *v.* LAVIN M. RUSSELL, HIRAM MINICK, AND JAMES TAYLOR, Appellants.

EVIDENCE—*of character, when in issue.*

The appellee had judgment against the defendants at Special Term.  The suit was for money which the appellee claimed the defendants had unlawfully taken from his person, under such circumstances as to make them guilty of the crime of robbery, or larceny.  The defendants

below offered evidence of good character for honesty, and integrity at the time of the act complained of, and at the time of the trial. The evidence was excluded, and the defendants appealed.

*Held:* That in civil causes such evidence was inadmissible; that although the acts complained of may be such as to constitute a criminal offense, the character of the parties is not in question, unless it is in issue; and it is only where character is a matter in issue that it ceases to be of a circumstantial nature—in such cases there is no objection to receiving it.

Every man must be answerable for his every improper act, and the character of every transaction must be ascertained by its own circumstances, and not by the character of the parties.

*Ritter & Ritter*, for appellee.

*Hanna & Knefler, Leathers, Duncan*, for appellants.

BLAIR, J.—The complaint in this case charges that the defendants wrongfully took from the person of the plaintiff, and without his consent, converted to their own use, United States currency, and bank bills of the value of eight hundred dollars, wherefore, &c.

The cause was dismissed as to Taylor.

The defendants Russell, and Minnick answered in general denial of the matters alleged in the complaint.

The cause was tried by a jury at Special Term, and a verdict rendered for the plaintiff.

A motion for a new trial was overruled, and exceptions entered by the defendants. Judgment was then rendered upon the verdict, and the defendants appealed to General Term.

The evidence introduced by the plaintiff, tended to show that the money was taken from the person of the plaintiff, under such circumstances, that the act constituted either the crime of robbery, or larceny, on the part of the defendants.

On the trial of the cause, the defendants, Russel and Minnick, offered competent witnesses to prove that at the time of the commission of the alleged wrongful act, and at the time

of the trial, they had a good general character, and reputation for honesty, and integrity in the community where they lived. On the objection of the plaintiff, this evidence was excluded by the Court, to which ruling defendants excepted.

The exclusion of this evidence is the only point presented for review.

The first case to which our attention is directed by the appellants, in support of their position, is that of *Byrket.* v *Monohon,* 7 *Blackf.* 83. This was an action of slander. M. charged in his complaint that B, had slandered him by saying that he had committed perjury. B, replied that the charge was true. The language of the Court in that case, is as follows: " The defendant undertook to prove that the plaintiff had committed perjury; and the jury in making up their minds on the subject, had surely a right to take into consideration, if the defense was not clearly proved, the general good character of the plaintiff for truth. Indeed, it would seem that such evidence ought never to be withdrawn from the jury, though it will often be rendered of no avail by the nature of the defendant's evidence. If the plaintiff were indicted for the offense, it would be proper for the jury, in making up their verdict, to take into consideration his general good character for truth; *Roscoe's Criminal Evidence,* 72; and the law must be the same in the case before us."

In that case, the question of character was directly involved. Monohon said his character had been injured, because Byrket had said he was guilty of perjury. Byrket's reply was, in substance, that his character had not been injured, for that what he had said, was true. The text cited from *Roscoe's Criminal Evidence,* is as follows: " In trials for high treason, for felony, and for misdemeanors, (where the direct object of the prosecution is to punish the offense), the prisoner is always permitted .to call witnesses to his general character; and in every case of doubt, proof of good character will be

entitled to great weight. (1 *Phill. Ev.*, 165, (1). This rule does not extend to actions or informations for penalties, as to an information for keeping false weights. *Attorney General* v. *Bowman*, 2 *Bos., & Pul.*, 532, (*n*). To admit such evidence in that case, would be contrary to the true line of distinction, which is this, that in a direct prosecution for a crime it is admissible, but where the prosecution is not directly for the crime, but for the penalty, it is not."

An action to recover a penalty is a *quasi* criminal proceeding, and it would seem from the above, that if evidence of character is inadmissible in such case, much less should it be allowed in a merely civil proceeding.

The next case cited by the defendant, is that of *Shannon and wife* v. *Spencer*, 1 *Blackf.*, 526. This was an action against Shannon, and wife for a malicious prosecution, setting forth that they had instituted a prosecution against the plaintiff for larceny. It lay upon the plaintiff in that case to show a want of probable cause for the prosecution instituted by the defendants ; and in doing so, it was held that the plaintiff might show what evidence was given on the trial for the alleged offense, and it was held that this would include the evidence given of good character ; and although the Court in that case says : that, " it seems, under the same rule, that he (the plaintiff) might introduce such testimony, when he had not found it necessary to make use of it on the trial," a doubt is expressed as to the correctness of such ruling, and the court concludes with the following language : " But the doubt that hangs over the question, may, for the present, be permitted to remain, as it does not appear absolutely necessary to remove it in this case."

We are next cited to 1 *Greenleaf on Evidence, p.* 66, where the learned author, in speaking of evidence of character, after defining certain cases in which it is admissible, says : " And generally, in actions of tort, wherever the defendant is charged

with fraud from mere circumstances, evidence of his general good character is admissible to repel it."

In support of this, the author cites the case of *Ruan* v. *Perry*, 3 *Caines*, 120.

This case is cited and pretty severely criticized in *Fowler* v. *The Ætna Fire Insurance Company*, 6 *Cowen*, 675; and although not expressly overruled, it was held to be an exceptional case, " where a naval officer was charged with gross fraud, and collusion with a foreign officer, upon slight circumstances." The Court, in speaking of the rule in the case of *Ruan* v. *Perry*, says: " If such evidence is proper, then a person may screen himself from punishment due to fraudulent conduct, till his character becomes bad. Such a rule of evidence would be extremely dangerous. Every man must be answerable for every improper act; and the character of every transaction must be ascertained by its own circumstances, and not by the character of the parties."

In the case of *Gough* v. *St. John*, 16 *Wend.*, 646, the Court, by Cowen, J., after speaking of certain civil causes, as in actions of slander, criminal conversation, and breach of marriage promise, which present frequent exceptions to the general rule, that evidence of character is not admissible in civil causes, uses the following language: " But where a civil action is brought for an injury to property, though the injury was legally criminal, and involved moral turpitude, in so much that on an indictment, character would be obviously receivable, there is no authoritative case, save *Ruan* v. *Perry*, which favors its admissibility." The case of *Ruan* v. *Perry*, is further spoken of as " virtually exploded by the later authorities."

In further support of the text cited from Greenleaf, the case of *Walker* v. *Stephenson*, 2 *Esp.*, 284, is cited. But this case seems never to have been followed in Westminister Hall as an authority, and the English courts adhere to

the rule that evidence of general character is not admissible in civil proceedings, unless the character of the party be directly in issue.

In the case of *Houghtaling* v. *Kelderhouse,* 2 *Barb.,* 149, the Court says the case of *Ruan* v. *Perry* has been distinctly and repeatedly overruled by the Supreme Court of this State, and the English rule adopted as laid down in *The Attorney General* v. *Bowman,* 2 *Bos.,* and *Pull.,* 532, *note a.*

In the case of *Pratt* v. *Andrews,* 4 *N. Y.,* 493, Bronson, Chief J., in delivering the opinion of the Court, says: " A party to a civil suit was at one time, or rather on one occasion, allowed to give evidence of his good character in answer to circumstantial evidence on the other side, imputing to him a gross fraud. (*Ruan* v. *Perry,* 3 *Caines,* 120). But that case was long since overruled."

In the case of *Church* v. *Drummond,* 7 *Ind.,* 17, the Court announces the rule to be, "that only in cases where the character is in issue, can evidence of general reputation be given." And in speaking of the text cited from Greenleaf, it is said that, " the cases he cites can scarcely be said to sustain his position."

Putting *character in issue,* when used in reference to civil causes, is a technical expression, and is confined to certain actions from the nature of which the character of the parties, or some of them, is of particular importance. Such instances occur in suits for seduction, criminal conversation, and in certain issues made by the pleadings in actions for slander, and it may also be in actions for malicious prosecution. In many of these cases, character becomes an important element to be considered in the question of damages. *Anderson, Ex.,* v. *Long,* 10 *Serg.,* & *R.* 55.

In the case of *Morris* v. *Hazelwood,* 1 *Bush.,* (*Ky.*) 208, the action was for money, of which the plaintiff claimed to have been robbed, as in the case at bar, and evidence of the

general character of the defendant, was held inadmissible.

We have been unable to find any authorities which we deem entitled to weight, that hold otherwise.

In the case of *Humphreys* v. *Humphreys*, 7 *Conn.*, 116, the Court says: " causes charging cruelty, gross fraud, and even forgery, are often agitated in suits by individuals; and the result not unfrequently affects the property, and reputation of the party deeply; yet no individual has been permitted to attempt to repel the proof by showing a good reputation."

We believe the general rule to be that in civil suits, even where the right of action is based upon acts that constitute a criminal offense, evidence of the general character of the defendant is inadmissible, except for purposes of impeachment, where the party testifies in the cause. It is only where character is a matter in issue, that it ceases to be of a circumstantial nature, and in such cases there is no objection to receiving it. And the discussion of the question in the case of *Anderson, Ex.*, v. *Long, supra,* affords a good illustration of the application of the rule to those cases where character may be said to be in issue.

The foregoing rules are also fully supported by the following authorities: 1 *Phil., on Ev.*, 467; also, *Cowen* v. *Hills, notes to same, note* 315, *p.* 620; *Nash* v. *Gilkeson,* 5 *Serg.,* & *R.*, 352; *Potter* v. *Webb,* 6 *Greenl.*, 14; *Ward* v. *Herndon,* 5 *Porter*, 382; *Kentland* v. *Bissett,* 1 *Wash., C. C.*, 144; *Smets* v. *Plunket,* 1 *Strobhart,* 372; *Gatzmiller* v. *Lockwood,* 23 *Missouri,* 168; *Wright* v. *McKee,* 37 *Vermont,* 161.

We are of opinion that there was no error in excluding the evidence offered by the defendants, and the judgment must be affirmed.