Van Wyck, J.
This is an action to recover damages for an alleged indecent assault by defendant upon plaintiff, whereby she became pregnant and gave birth to a child. The verdict was in favor of defendant. Plaintiff appeals from the order denying motion for new trial on the minutes and from the judgment embraced in the verdict. The motion for new trial was properly denied, the evidence overwhelmingly sustains the verdict. Quite a number of exceptions appear in the case, and none of these, save one, seem to require our consideration for the rulings, to which they were taken are clearly correct according to the well-settled rules of evidence. This one we will specially refer to as counsel in his argument expressed considerable confidence in it.
At the close of plaintiff’s testimony in rebuttal, the coun sel made in the most general terms an offer to prove that plaintiff “has a good reputation,” the objection to which was sustained and an exception was duly taken. This offer was too general to base errors upon. It in no way indicated, whether the intention was to prove plaintiff’s reputation good for honesty, veracity, sobriety, chastity or charity.
It did not appear that the offered proof was in rebuttal of any new matter brought out on defendant’s case. Even if the offer had been to show her reputation good in any one of these respects it would not have been admissible for her general character had not been attacked in any one of these respects and was not in rebuttal of anything brought in the defense. It is true defendant denied on the witness stand her statements and proved by several witnesses their carnal intercourse regularly with plaintiff for more than a year prior to the birth of the child which she charged to defendant’s alleged assault. But her general character for either veracity or chastity, or in any other respect was not impeached and the offer was properly excluded. Starks v. People, 5 Denio, 106; Pratt v. Andrews, 4 N. Y., 493; People v. Gay, 7 id., 378.
We think the judgment and order should be affirmed with costs.
Osborne, J., concurs.