## POE *v.* POE.

### Opinion delivered January 3, 1910.

1. DIVORCE—ALLOWANCE OF ALIMONY—RIGHT TO SET ASIDE.—Where a wife
   brought suit for divorce, a temporary order allowing her alimony,
   attorney's fees and cost money may be set aside at a subsequent
   term of the court. (Page 428.)

2. DIVORCE—ADULTERY—GENERAL REPUTATION.—Where a husband sues his
   wife for divorce upon the ground of adultery, the alleged adultery
   cannot be proved by evidence tending to show that she had a general
   reputation for unchastity. (Page 429.)

3. WITNESS—IMPEACHMENT.—A witness is not competent to prove the
   general reputation of the plaintiff when he does not live in the same
   neighborhood with the plaintiff and does not show that he knows
   what is generally said of plaintiff by those among whom he dwells
   or with whom he is chiefly conversant. (Page 430.)

4. APPEAL AND ERROR—ABSTRACT OF EVIDENCE—NECESSITY FOR.—Where,
   upon appeal, the evidence upon which the court rendered the decree
   dismissing appellant's complaint is not abstracted, the decree will
   be affirmed. (Page 430.)

Appeal from Sebastian Chancery Court, Fort Smith District;
*J. V. Bourland*, Chancellor; reversed in part.

*John H. Vaughan*, for appellant.

1. In a divorce proceeding the reputation of neither party is
in issue. A. B. Poe's testimony as to appellant's reputation was
not admissible, and should have been excluded. 5 Am. & Eng.
Enc. of L. (2 ed.), 862; 5 N. H. 195; 93 Ky. 510. General repu-

tation can be proved only by witnesses who know that reputation in the vicinity in which the party lives. I Greenleaf on Ev., (7 ed.), § 461.

2. Plaintiff's residence in this State for one year next before the commencement of the action is not proved. The statute contemplates actual residence, not constructive. 54 Ark. 172.

*Ben Cravens,* for appellee.

1. Mrs. Poe was seeking judgment against appellee for alimony, and was a witness in her own behalf. Her general reputation was a proper subject of inquiry. 72 Neb. 463.

2. The evidence supports a finding that appellee had been an actual resident for more than one year; but in this case it was unnecessary that he should have been such resident in order to give the court jurisdiction and grant him a divorce. 9 Am. & Eng. Ann. Cas, 1198; Kirby's Dig. § 6088; 31 Ark. 346; 9 Wash. 239; 37 Pac. 431; 135 Mass. 83; 24 Ind. 356; 108 Mich. 267; 66 N. W. 52.

WOOD, J. The action out of which the decree of divorce was rendered in behalf of appellee, O. S. Poe, and from which decree appellant appeals, was commenced by the appellant herein filing in chancery court of Sebastian County for the Fort Smith District on August 22, 1907, a bill in equity against O. S. Poe, alleging non-support and abandonment and asking judgment requiring appellee herein to maintain her, and for such alimony and attorney fee as the court deemed equitable.

Thereafter on the same day appellee herein filed a suit in said court against appellant for absolute divorce, and as grounds for such divorce set up desertion, habitual drunkenness, cruel treatment and adultery on the part of appellant; to which cause of action appellant filed answer on October 9, 1907, denying all the allegations alleged in the complaint.

Thereafter on October 16, 1907, appellee herein filed answer to the complaint of appellant for alimony, and asked that said answer be taken as a cross-complaint, and that he be given an absolute divorce from the appellant on the grounds of desertion, habitual drunkenness, cruel treatment and adultery, all of which he alleged in his said answer and cross-complaint.

Thereafter on October 25, 1907, the court on motion consolidated the two cases above set out, and the issues as thus made

were finally submitted to the court on June 8, 1908, and after a
full hearing an absolute divorce was granted to O. S. Poe from
Mrs. J. S. Poe, upon such grounds as were alleged in his cross-
complaint.

The appellant, Mrs J. S. Poe, asks this court to reverse the
judgment of the chancery court, and relies upon three grounds.
First, because the court made an order on the 25th day of Octo-
ber, 1907, vacating an order made at a former term of the court
(August 22, 1907), allowing appellant temporary alimony in the
sum of twenty-five dollars per month, also twenty-five dollars at-
torney's fee and ten dollars for costs. And also in not allowing
appellant to have further time to take depositions before setting
aside the order for temporary alimony, attorney's fees and costs.

Second, because the court permitted the witness A. B. Poe
to testify over the objection of appellant as follows: "I am a
brother of O. S. Poe. I live in Little Rock. After O. S. Poe
and Mrs. O. S. Poe commenced these lawsuits, I went to New
Orleans to see if I could find evidence in relation to the case. I
know Mrs. Poe's reputation in New Orleans, La. . It is bad. I
hired a detective in Little Rock to go to New Orleans to look up
evidence for me. The detective was a friend of mine, and I only
paid his expenses. I went to different places in New Orleans, and
they told me that Mrs. Poe had a bad reputation. I went to one
restaurant, and asked the head waiter if he knew where I could
get some woman who would go out and have a good time. He
told me that Mrs. Poe would go any time. I learned in different
places where I went in New Orleans that Mrs. Poe had a very
bad reputation, and was said to be a very fast woman."

Third, because the evidence does not show that the appellee
was a resident of the State of Arkansas one year next before the
commencement of the action. We will consider the grounds upon
which reversal is urged in the order named above.

1. The order allowing alimony, attorney's fees and costs
was a temporary order, and the court did not abuse its discretion
in setting it aside after the appellee had filed his depositions to
be read on the final hearing of the cause. Nor was there error
in refusing to grant appellant further time to take testimony on
the motion to vacate the order of a previous term allowing the
alimony, attorney's fees and costs. The appellant had from .

August 22, 1907, when the order was first made, until October 25, 1907, when it was set aside, to take her depositions on this as well as the divorce issue. Besides, the original order of allowance, as well as the. order setting it aside, were both temporary orders, subject to final review by the court on the hearing in the proceedings for divorce with which the proceedings for alimony had by consent been consolidated. Kirby's Digest, §. § 2679, 2681-3. The appellant still had from October 25, 1907, till June 8, 1908, to make her proof on the issues. The cause was not finally adjudicated until the latter date, and it appears that she had the opportunity to take and did take all the depositions she desired and besides presented testimony *ore tenus*.

2. Where a husband sues his wife for divorce on the alleged ground of adultery, the general character of the wife for unchastity is not in issue. Therefore any testimony as to her general reputation for unchastity should have been excluded, so far as the same may have been used to establish the alleged adultery of appellant. The testimony of A. B. Poe was not admissible. The alleged adultery of appellant could not be established by evidence tending to show that she had a general reputation for unchastity. That could only be proved by evidence of actual occurrences of adulterous intercourse, and not by presumption, *Evans* v. *Evans*, 93 Ky. 510; *Washburn* v. *Washburn*, 5 New Hampshire, 195. See also *Humphrey* v. *Humphrey*, 7 Conn. 116; *Berdell* v. *Berdell*, 80 Ill. 604. "The character of neither party to a divorce proceeding is in issue, and evidence as to it is therefore not admissible." 5 Am. & Eng. Enc. Law, p. 862, and cases cited.

Neither was the testimony of A. B. Poe admissible for the purpose of impeaching appellant as a witness. He "went to New Orleans to see if he could find evidence in relation to the case." He says, "I know her reputation in New Orleans, La. It is bad." But on cross-examination he shows that he only knew that her reputation was bad from what they told him in different places. A. B. Poe did not live, and had not lived, in the community where appellant resided. He only found out that her reputation was bad from what he had heard others say while he was in New Orleans "to find evidence." This testimony did not establish the "general reputation for truth or immorality" that

rendered appellant "unworthy of belief," and was not such testimony as the statute requires for the impeachment of a witness by the method there prescribed. Kirby's Digest, § 3138. Mr. Greenleaf, concerning the impeachment of a witness by the particular method under consideration, says: "It is not enough that the impeaching witness professes merely to state what he has heard others say, for those others may be but few. He must be able to state what is *generally* said of the person by those among whom he dwells or with whom he is chiefly conversant; for it is this only that constitutes his *general reputation or character.* And, ordinarily, the *witness ought himself to come from the neighborhood of the person whose character is in question. If he is a stranger, sent thither by the adverse party to learn his character, he will not be allowed to testify as to the result of his inquiries.*" 1 Gr. Ev. § 461.

No objection is made by counsel for appellee to the abstract of the evidence as presented by counsel for appellant, under rule ten of this court. We assume therefore that the abstract of appellant is correct.

The evidence as abstracted by counsel for appellant is not sufficient to warrant the decree of divorce in favor of the appellee. According to this evidence, appellee's complaint should be dismissed for want of equity.

Third. In view of what we have held above, it is unnecessary to consider the third ground urged by appellant for reversing the decree.

The decree is reversed with directions to the Sebastian Chancery Court to dismiss appellee's complaint for want of equity. The evidence upon which the court rendered the decree dismissing appellant's complaint is not abstracted, and the decree as to that is therefore affirmed.