HOUGHTALING vs. KILDERHOUSE.

In an action for slander, it is not competent for the plaintiff to introduce evidence of his good character in reply to evidence introduced by the defendant tending to prove the truth of the charge.

ON error from the supreme court, where Houghtaling sued Kilderhouse in slander for charging the plaintiff with having killed the defendant's horses by administering poison to them. The defendant pleaded not guilty and gave notice of justification. On the trial, after the plaintiff had proved the speaking of the words, the defendant gave circumstantial evidence tending to show that the charge was true. The plaintiff also introduced evidence upon that issue in reply, and in connection with such evidence offered to prove that his *general character was good.* This was objected to by the defendant and excluded. The plaintiff excepted. The jury having found a verdict for the defendant, the plaintiff moved in the supreme court for a new trial, which was denied by that court, and judgment rendered for the defendant. (*See* 2 *Barb. Rep.* 149.)

*H. G. Wheaton,* for the plaintiff in error, insisted that ·the issue on the trial involved simply the question of guilt or innocence of a crime, amounting to felony and involving gross moral turpitude. In such cases the general good character of the party accused is always a circumstance to be submitted to the jury to repel the presumption of guilt ; particularly where the evidence to sustain the charge is, as in this case, purely circumstantial. (*Ruan* v. *Perry,* 3 *Caines,* 120 ; *Townsend v. Graves,* 3 *Paige,* 453 ; *Harding* v. *Brooks,* 5 *Pick.* 244 ; *Greenl. Ev.* § 426 ; 2 *Starkie's Ev.* 216, 217, *n.* 4 ; *Powell* v. *Harper,* 5 *C. & P.* 590 ; *Petrie* v. *Rose,* 5 *Watts & Serg.* 364.)

*R. W. Peckham,* for the defendant in error, cited upon the question, *Goff* v. *St. John,* (16 *Wend.* 646 ;) *Fowler* v. *The Ætna Fire Ins. Co.* (6 *Cowen,* 673 ;) *Humphrey* v. *Humphrey,* (7 *Conn. R.* 116 ;) *Potter* v. *Webb,* (6 *Greenl. Rep.* 141 ;) *Anderson* v. *Long,* (10 *Serg. & Rawle,* 55 ;) *Nash* v. *Gilkeson,* (5 *id.* 352 ;) *Woodruff* v. *Whittlesey,* (*Kirby,* 60 ;) *Attorney General* v. *Bowman,* (2 *Bos. & Pull.* 532.)

THE COURT, after advisement, were of opinion that the point had been properly decided in the courts below, and therefore the judgment was affirmed.