ISABEL YOUNG, by Guardian, Appellant, *v.* GEORGE W. JOHNSON, Respondent.

In an action to recover damages for an alleged rape committed by defendant upon the person of plaintiff, which resulted in her pregnancy and the subsequent birth of a child, a physician called as a witness by defendant, was asked whether, in his opinion, pregnancy would probably result from first intercourse in a case where the female had been ravished and the act accomplished against her will. This question was objected to by plaintiff's counsel on the ground that the subject of inquiry was not such as to admit the opinions of expert witnesses; the objection was overruled. *Held,* no error; that the question was one peculiarly within the range of medical science and skill.

Defendant was allowed to give testimony, under objection and exception, tending to show improper familiarity between plaintiff and two young men during a period prior to the alleged assault and at a time when from the date of the birth of her child, she must have become pregnant. *Held,* no error.

Defendant was also permitted to prove, under objection and exception, that the next day after the alleged outrage plaintiff rode with him alone to a place several miles from her home; that some time after she visited at his house, and that she frequently conversed with him in an apparently friendly manner, and ate at the same table with him. *Held,* no error.

After defendant had rested, plaintiff offered to prove that she was a person of good moral character in the community where she lived. Defendant's counsel stated that he made no claim that plaintiff's character was not good according to common report, and objected to the proof as incompetent. The objection was sustained. *Held,* no error.

It appeared that plaintiff did not disclose the fact as to the alleged assault to any one until after she ascertained that she was pregnant. The court, at defendant's request, instructed the jury that plaintiff's failure to make the disclosure within a reasonable time, was in itself a reason for impeaching the veracity of her statements. *Held,* no error.

A juror who was challenged by defendant for cause testified on the trial of the challenge, that he had formed an opinion; that he did not know as he then had an opinion particularly; that what he had heard said created an impression on his mind which he still had, and which would require evidence to remove. On cross-examination, he said: "I think I could sit and try this case fairly and impartially and render an impartial verdict * * * without being biased by my previously formed opinion, but it would take evidence to remove the opinion formed." The challenge

was sustained. *Held*, no error; that the question of the juror's bias or whether he had formed an opinion on the merits, was one of fact for the court to try and determine.

Reported below, 46 Hun, 164.

(Argued June 23, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 21, 1887, which affirmed a judgment in favor of defendant entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Butler S. Farrington* for appellant. The court erred in excusing for cause the juror John Crouse. (*Sanches* v. *People*, 22 N. Y. 147; *Pender* v. *People*, 18 Hun, 560; *Thomas* v. *People*, 67 N. Y. 218; *Balbo* v. *People*, 80 id. 484; *Cox* v. *People*, Id. 500; *Greenfield* v. *People*, 74 id. 277; *People* v. *Allen*, 43 id. 28; *Phelps* v. *People*, 72 id. 334; *O'Brien* v. *People*, 36 id. 276; *People* v. *Cornetti*, 92 id. 85; *People* v. *Casey*, 96 id. 115; *Hildreth* v. *City of Troy*, 101 id. 234.) It was error to let Dr. Lynde answer the hypothetical question put by defendant, because the defendant was concluded by the answer he obtained from Dr. Lapp. (*Misland* v. *Boynton*, 79 N. Y. 630; *Carpenter* v. *Ward*, 30 id. 243; *Plato* v. *Reynolds*, 27 id. 586; *Van Zandt* v. *M. B. L. Ins. Co.*, 55 id. 169; *Manke* v. *People*, 17 Hun, 416; *Kennedy* v. *People*, 39 N. Y. 255; *Millard* v. *Brown*, 35 id. 297; *Sanchez* v. *People*, 22 id. 154; *Carpenter* v. *E. T. Co.*, 71 id. 579, 580; *Guiterman* v. *L.*, etc., *S. S. Co.*, 83 id. 365; *People* v. *Lake*, 12 id. 363; *Rawles* v. *A. M. L. Ins. Co.*, 27 id. 293; *Ferguson* v. *Hubbell*, 97 id. 507.) The defendant was allowed to introduce evidence as to the scrofulous condition of the plaintiff's child, and also as to the scrofulous condition of John Hite. This was error. (*People ex rel.* v. *Carney*, 29 Hun, 47; *Petrie* v. *Howe*, 4 T. & C. 85; *Lathrop* v. *Bramhall*, 64 N. Y. 365;

*Seeley* v. *Engell,* 13 id. 542–547; *Miller* v. *Montgomery,* 78 id. 282–286.) The defendant attacked the character of the plaintiff by proof of specific acts and conduct on her part. The door was opened wide for this class of evidence. No restriction as to time was imposed; any act of hers, however remote from the 26th of November, 1880, was shown. This testimony tended to prejudice the jury, and should have been excluded. (*N. Y. G. & I. Co.* v. *Gleason,* 78 N. Y. 503; *Baird* v. *Gillett,* 47 id. 186, 208; *Green* v. *Green,* 26 Mich. 437; *Blackburn* v. *Beal,* 21 Md. 208; *Anderson* v. *R., W. & O. R. R. Co.,* 54 N. Y. 334; *O'Sullivan* v. *Roberts,* 7 J. & S. 360; *Hutchins* v. *Hutchins,* 98 N. Y. 65; *La Beau* v. *People,* 34 id. 222; *People* v. *Jackson,* 3 Park. Cr. R. 391; *Woods* v. *People,* 55 N. Y. 515; *Brakeman* v. *Rose,* 14 Wend. 105; *People* v. *Lamb,* 2 Keyes, 360, 371; *Eggler* v. *People,* 56 N. Y. 642; *Thomas* v. *People,* 67 id. 218; *Carroll* v. *Deimel,* 95 id. 252; *Neudecker* v. *Kohlberg,* 81 id. 296; *Worrall* v. *Parmelee,* 1 id. 519; *Bearss* v. *Copley,* 10 N. Y. 93; *Starbird* v. *Barrons,* 43 id. 200; *O'Hagan* v. *Dillon,* 76 id. 170.) The testimony of the plaintiff called out by defendant's counsel upon cross-examination, under plaintiff's objection and exception, and the testimony of defendant's witnesses given afterwards, under like ruling, was error, as being an abuse of discretion. (*G. W. T. Co.* v. *Loomis,* 32 N. Y. 127; *Corning* v. *Corning,* 6 id. 97; *La Beau* v. *People,* 34 id. 222.) The court erred in allowing Howe, a witness for defendant, to give the defendant's declarations, in his own favor, made to third persons, and not in the plaintiff's presence. (*Real* v. *People,* 42 N. Y. 279; *Carpenter* v. *Ward,* 30 id. 243; *Furst* v. *S. A. R. R. Co.,* 72 id. 542; *People* v. *Irving,* 95 id. 543; *Bearss* v. *Copley,* 10 id. 93.) There was a mass of testimony called out by defendant in his cross-examination of the plaintiff which her counsel objected to. The only evident purpose of this was to get something upon which to dispute her afterwards. Permitting this, and also permitting the defendant afterwards to call numerous witnesses to give a different statement of such matters, under the plaintiff's

objections, is error, for which the judgment should be reversed. (*Harris* v. *Wilson*, 7 Wend. 57 ; *Howard* v. *C. F. Ins. Co.*, 4 Den. 502 ; *Mott* v. *People*, 63 Barb. 618 ; 1 Greenl. on Ev. §§ 51, 52, 448, 450 ; *Plato* v. *Reynolds*, 27 N. Y. 586 ; *Bearss* v. *Copley*, 10 id. 93 ; *B. Church* v. *B. F. Ins. Co.*, 28 id. 159 ; *Gondolfo* v. *Appleton*, 40 id. 533.) The court below erred in refusing to strike out all testimony which tended to show lewd conduct of plaintiff with others than defendant, and not in his presence, which the court refused to do. (*People* v. *Jackson*, 3 Park. Cr. R. 391 ; *Miller* v. *Montgomery*, 78 N. Y. 282– 286.) The plaintiff should have been permitted to give evidence as to her general good reputation. (*Annesley* v. *Angelesea*, 17 How. St. Tr. 1139 ; Starkie on Ev. [9th ed.] 252 ; *R.* v. *Clarke*, 2 Starkie, 242 ; *Bishop of Durham* v. *Beaumont*, 1 Camp. 207 ; *Commonwealth* v. *Gray*, 129 Mass. 474 ; *Sweet* v. *Sherman*, 21 Vt. 23 ; *Carter* v. *People*, 2 Hill, 317 ; *People* v. *Rector*, 19 Wend. 569 ; *People* v. *Gay*, 7 N. Y. 378, 382 ; *Adams* v. *G. Ins. Co.*, 70 id. 166, 170 ; *Pratt* v. *Andrews*, 4 id. 493.) The court erred in striking out the evidence of Reuben Hite. (*Wallis* v. *Randall*, 81 N. Y. 164, 167 ; *Sherwood* v. *Tittman*, 55 Penn. St. 77 ; *Jewett* v. *Banning*, 21 N. Y. 27 ; *Carpenter* v. *Halsey*, 57 id. 658 ; *Ward* v. *W. Ins. Co.*, 6 Bos. 229.) The court erred in excluding the testimony of the physician John S. Halbert. (*Bancroft* v. *Sheehan*, 21 Hun, 550 ; *Chadburn* v. *Franklin*, 5 Gray, 312 ; *Scott* v. *Woodward*, 2 McCord, 161 ; *Jones* v. *Smith*, 64 N. Y. 184 ; *Holten* v. *Holten*, 5 Wkly. Dig. 14 ; *Richardson* v. *Van Nostrand*, 43 Hun, 299 ; *Higgins* v. *People* 58 N. Y. 377 ; *Allis* v. *Leonard*, Id. 288 ; *Massoth* v. *D. & H. C. Co.*, 64 id. 524, 533 ; *Cranston* v. *N. Y. C. & H. R. R. R. Co.*, 103 id. 614 ; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 562.) This is a civil action for an assault and battery. The allegations of her consequent pregnancy are merely in aggravation of damages. If she "resisted for a time" then the allegation of assault was established, and it was error to instruct the jury that the verdict must be for no cause of action. (*Cushman* v. *Waldell*, Baldw. 58 ; *Pren-*

*tiss* v. *Shaw*, 56 Me. 427; *Voltz* v. *Blackmar*, 64 N. Y. 440; *State* v. *Malcolm*, 3 Ia. 413; *People* v. *Yslas*, 37 Cal. 630; *Hays* v. *People*, 1 Hill, 351; *Commonwealth* v. *Ruggles*, 6 Allen, 588; *Kirkland* v. *State*, 43 Ind. 146; *Johnson* v. *State*, 35 Ala. 363; *State* v. *Baker*, 65 N. C. 322; *Heady* v. *Wood*, 6 Ind. 82; *Logan* v. *Austin*, 1 Stew. 476; *Adams* v. *Wagoner*, 33 Ind. 531; *Bell* v. *Hansley*, 3 Jones, 131; *Tyler* v. *Brock*, 68 N. Y. 418; *Freund* v. *Paten*, 10 Abb. [N. C.] 311.)

*Brundage & Chipman* for respondent. The exception taken by plaintiff's counsel to the ruling of the court, sustaining defendant's challenge for cause of the juror John Crouse was untenable. (Abb. Tr. Brief, 19, 21; *People* v. *Tyrrell*, 21 Wkly. Dig. 493; Laws of 1872, chap. 475; Code Crim. Pro. § 376; Code Civ. Pro. § 1180.) The plaintiff's character for chastity was directly in issue upon the question of damages, and it was also in issue upon the subject of the willingness or reluctance of the plaintiff in regard to the act complained of, and evidence was admissible upon both of these questions. (*Ford* v. *Jones*, 62 Barb. 484; *Bracy* v. *Kibbe*, 31 id. 273; *Wandell* v. *Edwards*, 25 Hun, 498; *Gulerette* v. *McKinley*, 27 id. 320; *In re Yates*, 99 N. Y. 95.) Exceptions to evidence by the physicians as to the improbability of conception taking place under circumstances related by plaintiff are untenable. (*Dillebar* v. *H. Ins. Co.*, 87 N. Y. 79; *Sterns* v. *Field*, 15 Wkly. Dig. 409; 90 N. Y. 640; *Van Wycklen* v. *City of Brooklyn*, 118 id. 424.) The rule allowing specified acts of misconduct on the part of plaintiff to be proved, does not allow proof of the acts of misconduct on the part of defendant. (*People* v. *Zimmerman*, 4 N. Y. Cr. Rep. 272.) Plaintiff's offer to show by Mary Dietz that some time before the 26th of November, 1880, defendant offered her some indignity was properly excluded. (*People* v. *Zimmerman*, 4 N. Y. Cr. Rep. 272.) The court properly excluded evidence of the general reputation and character of plaintiff. Proof of her general reputation or character was not competent until attacked by proof on defendant's part. (*Bracy* v. *Kibbe*, 31

Barb. 273.)   General exceptions are not available.   (*Read* v. *Nichols*, 118 N. Y. 224; *Newall* v. *Bartlett*, 114 id. 399; *Tousey* v. *Roberts*, Id. 312; *Higgins* v. *People*, 1 Hun, 307; 58 N. Y. 377; *Conkey* v. *People*, 5 Park. Cr. Rep. 31–35; *People* v. *Dohring*, 59 N. Y. 374; *Oleson* v. *State*, 11 Neb. 276; *People* v. *Morrison*, 1 Park. Cr. Rep. 625; *People* v. *Quin*, 50 Barb. 128; *Reg.* v. *Hallett*, 9 C. & P. 748; *Don Moran* v. *People*, 25 Mich. 356; *Whittaker* v. *State*, 50 Wis. 518; *Crossman* v. *Bradley*, 53 Barb. 125; *Smith* v. *Fingar*, 1 Alb. L. J. 101; *Ford* v. *Jones*, 62 Barb. 484; *People* v. *Branskey*, 32 N. Y. 484–487.)

O'BRIEN, J.   The plaintiff being an infant under twenty-one years of age, brought this action by her guardian *ad litem*, charging the defendant with having, on the 26th of November, 1880, with force and arms, assaulted her.   It is also alleged that the defendant forcibly, and against the will of the plaintiff, defiled and carnally knew her, which resulted in her pregnancy and the subsequent birth of a child, in consequence of which she became sick and her health was impaired, and she suffered in her peace of mind and in her good name and reputation.

At the time of the alleged assault the plaintiff was between seventeen and eighteen years of age, residing at the house of her aunt, who was married to the defendant's father as his second wife.   On the trial the plaintiff testified to the circumstances of the alleged assault, which she claimed occurred in the parlor of the house where she lived, when she was alone, and about the middle of the day.   Her version of the means used by the defendant to effectuate his purpose, and of the manner and circumstances of the alleged outrage upon her person, the failure on her part to disclose the facts to any of her female relatives or friends, until it was apparent that she was about to become a mother, and her subsequent conduct toward, and association with, the defendant, were all well calculated to create a doubt in the minds of fair men as to the truth of the narrative.

The defendant, who was sworn as a witness in his own behalf, denied in general, and in particular, the charges sworn to by the plaintiff, and he gave other testimony touching the friendly conduct of the plaintiff toward him, after the date of the alleged assault, and also in regard to her association with other men prior to the alleged transaction. The case was submitted to the jury by the trial judge in a very clear and impartial charge, and a verdict was rendered in favor of the defendant, which has been affirmed by the General Term.

There are no questions in the case which this court can review but such as are raised by the exceptions taken upon the trial, and which are quite numerous.

The defendant denied that he was the father of the plaintiff's child, and the plaintiff testified that, previous to the assault made upon her by the defendant, which resulted in her pregnancy, she had never had sexual intercourse with any man. The defendant called a physician and asked him the hypothetical question whether, in his opinion, pregnancy would probably result from first intercourse in a case where the female had been ravished and the act accomplished against her will. The plaintiff's counsel objected to this question on the ground, among others, that the subject of inquiry was not such as to admit the opinions of expert witnesses; that it involved no question of science or skill, and that the answer must necessarily be speculative in its character. The court overruled the objection and the plaintiff excepted, and the witness gave his opinion that it would not. We think that this ruling did not contravene the general rule of evidence that witnesses must state facts and not opinions. The inquiry as to the conditions under which pregnancy may occur is one peculiarly within the range of medical science and skill. The common knowledge and judgment of mankind may be greatly aided in an inquiry of this character by the opinions of learned and scientific men who have made the laws governing the complex physical organism of the human race the subject of profound research and study. The principles upon which evidence of this character is received in courts of justice were well stated

by Earl, J., in *Ferguson* v. *Hubbell* (97 N. Y. 513). "Witnesses who are skilled in any science, art, trade or occupation, may not only testify to facts, but are sometimes permitted to give their opinions as experts. This is permitted because such witnesses are supposed, from their experience and study, to have peculiar knowledge upon the subject of inquiry which jurors generally have not, and are thus supposed to be more capable of drawing conclusions from facts, and base opinions upon them, than jurors generally are presumed to be; opinions are also allowed in some cases where, from the nature of the matter under investigation, the facts cannot be adequately placed before the jury so as to impress their minds, as they impress the mind of a competent, skilled observer, and where the facts cannot be stated or described in such language as will enable persons, not eye witnesses, to form an accurate judgment in regard to them, and no better evidence than such opinion is attainable." The reasons given in all the cases for the admission of the opinions of experts, cover the ruling in this case. (*Scattergood* v. *Wood,* 79 N. Y. 266; *Baird* v. *Daly,* 68 id. 551; *Ferguson* v. *Hubbell,* 97 id. 513; *Dilleber* v. *Home L. Ins. Co.,* 87 id. 79; *Turner* v. *City of Newburgh,* 109 id. 301; *People* v. *Willson,* Id. 345; *Stearns* v. *Field,* 90 id. 640; *Griswold* v. *N. Y. C. & H. R. R. R. Co.,* 115 id. 61; *Van Wycklin* v. *City of Brooklyn,* 118 id. 424; Lawson's Expert and Opinion Ev. 200.)

The defendant was permitted, against the objection and exception of the plaintiff, to give evidence of the association of the plaintiff with two other young men, who were servants living in the same house with her. This evidence was confined to a period prior to the alleged assault by the defendant, and to a time when, from the date of the birth of the plaintiff's child, she must have become pregnant. In general, this testimony tended to prove acts and conduct on the part of the plaintiff towards one or both of these young men which, to say the least, were dangerously familiar and imprudent. When it is borne in mind that the issue before the court for trial involved the paternity of the plaintiff's child, as well as the

probability of her story, which represented the defendant as having, against her will and utmost resistance, perpetrated a most extraordinary and brutal outrage upon her in her own home, and the consequent injury to her feelings and good name, we think that proof of acts of indecent familiarity on her part towards these young men, was competent. That the plaintiff had become the mother of a child, was an important and an undisputed fact in the case. The defendant, in his answer and as a witness upon the stand, denied, with great particularity, every charge made by the plaintiff, and it was competent for him to strengthen his case by proof which would authorize the jury to find, or infer, that another man was in fact the father of the child.

The defendant was also permitted, against the plaintiff's objection and exception, to prove that, the next day after the alleged outrage, the plaintiff rode with the defendant to a place some miles from her home; that some time after she visited at his house; that she frequently conversed with him after the alleged assault in a manner apparently friendly, and ate at the same table with him on at least one occasion. The common mind does not look for conduct of this kind on the part of a virtuous woman toward a man who had committed such a gross outrage upon her person, and hence testimony of this character was competent as bearing upon the credibility of the plaintiff.

After the defendant had given his proof and rested, the plaintiff called witnesses and offered to prove by them that she was a person of good moral character in the community where she lived, according to the speech of people. This evidence was offered, as stated by plaintiff's counsel, for the purpose of corroborating the main facts in the case and rebutting the presumption which the specific acts shown might have raised against her, and as bearing upon her character for truth and veracity. The defendant's counsel stated that he made no claim that the plaintiff's character was not good, according to common report, and he objected to the proof as incompetent. The court sustained the objection upon the ground that, if it

was competent at all, it was part of the plaintiff's affirmative case; and to this ruling the plaintiff excepted.  As the defendant had not attacked the general reputation of the plaintiff for truth and veracity, and, as he expressly disclaimed any purpose to do so, evidence bearing upon the plaintiff's character for truth to corroborate her as a witness was not admissible. (*People* v. *Halse*, 3 Hill, 309; *Pratt* v. *Andrews*, 4 N. Y. 493; *People* v. *Gay*, 7 id. 378.)  If the testimony was admissible as bearing upon the general issues in the case, it could have been given before the plaintiff rested, and it was not error for the court to exclude it when offered.  This ruling was an exercise of discretion on the part of the trial court that is not subject to review.

The court, at the request of the defendant, instructed the jury, in substance, that the fact that plaintiff did not disclose the assault complained of within a reasonable time after the opportunity presented itself for her to do so, was in itself a reason for impeaching the veracity of her story.  It was undisputed that the plaintiff delayed disclosing to her female friends the alleged conduct of the defendant toward her until she was satisfied of her pregnancy, though she met them frequently and under circumstances that furnished a very favorable opportunity for her to do so.  This was a circumstance bearing upon the plaintiff's credibility and the general merits of her case that was proper for the jury to consider, and the charge of the court in that respect was correct. (*People* v. *O'Sullivan*, 104 N. Y. 481.)

A juror, whose name was drawn, was challenged by the defendant for cause.  On the trial of this challenge by the court he said:  " I have formed an opinion; I don't know as I have an opinion now particularly; what I heard said created an impression on my mind, and I have that impression now; it would require evidence to remove that impression."  On his cross-examination by the plaintiff's counsel, the juror said: " I think I could sit and try this case fairly and impartially, and render an impartial verdict from the evidence without being biased by my previously-formed opinion, but it would take

evidence to remove the opinion formed." The court sustained the challenge, excluded the juror, and the plaintiff excepted. Whether the juror was in fact biased or had formed an opinion on the merits of the case was, in view of his answers, a question of fact which the judge was empowered to try and determine. (Code Civ. Pro. § 1180.)

The evidence was sufficient to warrant a finding that the juror had formed and entertained an opinion in regard to the merits of the case, and so this exception presents no question here for review.

We. have referred to the most important exceptions contained in the record and argued by the learned counsel for the plaintiff. There are many others, however, of a minor character. We do not consider it necessary to notice them further than to say that, after a careful examination, we are satisfied that all of them were correctly disposed of in the courts below.

The judgment should be affirmed.

All concur, RUGER, Ch. J., and ANDREWS, J., in result.

Judgment affirmed.