STELLA STAFFORD, Respondent, *v.* THE MORNING JOURNAL ASSOCIATION, Appellant.

In an action for libel the complaint averred that plaintiff was of "good character and repute, and enjoyed the respect of her friends and acquaintances and of the community." This was put in issue by the answer. Testimony was offered by plaintiff on the trial to prove her allegations, which was received under objection and exception. *Held,* that in the absence of a disclaimer on the part of defendant when the objection was raised, of any purpose of questioning plaintiff's reputation, the reception of the testimony was not error; that while it was unnecessary for plaintiff to make the averment, having done so, and defendant having made an issue thereon, this opened the door for the evidence.

*Houghtaling* v. *Kilderhouse* (1 N. Y. 530); *Pratt* v. *Andrews* (4 id. 493); *Young* v. *Johnson* (123 id. 226), distinguished.

Reported below, 68 Hun, 467.

(Argued May 4, 1894; decided June 5, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made April 14, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The action was brought to recover damages for the publication in the *Morning Journal* of an article complained of as libelous and which reads as follows:

"Le Huray Sisters, Blanche, Stella and Allien, just from Paris; massage, French style; love secrets; how to get a husband; inclose stamp; valuable information for ladies by aid of cards. Le Huray Sisters, 444 Second Ave., Mount Vernon, N. Y."

The complaint alleged that plaintiff's maiden name was Le Huray, and had two sisters named Blanche and Allien, respectively, who, with herself, resides at the place named. That the article was published in a column in defendants' paper, headed "Astrology," and defendant thereby falsely represented that plaintiff had authorized the publication of the article, and held her out to the public as a person of loose morals, etc.

Further material facts are stated in the opinion.

*B. F. Einstein* for appellant. The court erred in permitting evidence to be given of the general reputation of the plaintiff for chastity and virtue. (*Pratt* v. *Andrews*, 4 N. Y. 493; *Houghtaling* v. *Kilderhouse*, 1 id. 530; *Young* v. *Johnson*, 123 id. 126; *Pink* v. *Catanich*, 51 Cal. 420; *Murray* v. *N. Y. L. Ins. Co.*, 85 N. Y. 236.)

*Roger M. Sherman* for respondent. The evidence as to character was properly received. The defendant, joining in the issue, is precluded from objecting to evidence to maintain the affirmative thereof. (*McIntyre* v. *Ogden*, 17 Hun, 604; *Blossom* v. *Barrett*, 37 N. Y. 438; *Doty* v. *Thompson*, 116 id. 519, 520; *Anderson* v. *Long*, 10 S. & R. 61; *Foot* v. *Tracy*, 1 Johns. 46; *Paddock* v. *Salisbury*, 2 Cow. 813; *Williams* v. *Haig*, 3 Rich. L. [S. Car.] 362; *Romayne* v. *Duane*, 3 Wash. C. C. 246; *Bennett* v. *Hyde*, 6 Conn. 26, 27; *Stow* v. *Converse*, 4 id. 41, 42; *Harding* v. *Brooke*, 22 Mass. 247; *Shroyer* v. *Miller*, 3 W. Va. 161; *Rhodes* v. *Ijames*, 42 Am. Dec. 604; 1 Greenl. on Ev. § 461; *Conley* v. *Meeker*, 85 N. Y. 618; *People* v. *Yslas*, 27 Cal. 632, 637; *Kilburn* v. *Mullen*, 22 Iowa, 502; *Jackson* v. *Lewis*, 13 Johns. 504, 505; *Bakeman* v. *Rose*, 14 Wend. 109, 110; 18 id. 148, 149; *Wehrkamp* v. *Willet*, 4 Abb. Ct. App. Dec. 556; *Watson* v. *Campbell*, 38 N. Y. 155; *Hawxhurst* v. *Ritch*, 119 id. 622; *Baldwin* v. *Short*, 125 id. 560.)

GRAY, J. We are quite satisfied with the disposition made by the General Term of the questions presented by the appel-

lant's exceptions at the trial and the only one to which we shall refer is that arising upon exceptions to the admission of evidence as to the general reputation of the plaintiff for chastity and virtue.

The complaint alleged that plaintiff was of " good character and repute and enjoyed the respect of her friends and acquaintances and of the community."

The answer stated that the defendant had " no knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the complaint."

At the commencement of her case the plaintiff called witnesses to prove her allegations and the defendant objected, upon the grounds of immateriality and of incompetency and, also, that " it is not one of the issues under the pleadings."

The general rule as to the impropriety of permitting a party to give evidence of his good reputation, in actions for the recovery of damages for libel or slander, has reference to cases where reputation is not a material issue, or where it has not been attacked. The reason for it is in the absence of any usefulness in proving that which the law already assumes and because the character of the complainant does not form the basis for the recovery of general damages. But this case differs from those relied upon by the appellant in certain aspects. In the first place, the plaintiff's allegation was put in issue by the answer. It is true that it was unnecessary for the plaintiff to allege as she did, with respect to her reputation; but having done so, the defendant, in choosing to make an issue upon it in its answer, opened the door for the offer of evidence. In the next place, when the question of materiality was raised, it was then open to the defendant to disclaim any purpose of questioning the plaintiff's reputation. But it did not do so. The objection that " it was not one of the issues under the pleadings," of course, was not true ; while, if the proof was immaterial, then no harm can be said to result from giving it and in establishing that which the law presumed. The very effect before the jury of failing to disclaim any purpose of questioning the plaintiff's character, when the question

was raised upon the issue and when endeavoring to prevent any proof as to what it was, must have been bad and, as I think, warranted the trial judge, under the circumstances, in permitting evidence to be given. I do not think the plaintiff was absolutely bound, in the face of an issue tendered by the defendant as to her reputation for chastity and virtue, to sit quiet and to rest upon the legal presumption. The evidence bore upon an issue in the case, which the defendant could have avoided, and the plaintiff, in anticipating any possible attack and in insisting upon the admission of the evidence in question, in the absence of any disclaimer on the part of the defendant, should not be made to suffer from the ruling in question. She very properly offered it as a part of her case ( *Young* v. *Johnson*, 123 N. Y. 226) and the trial judge committed no error in permitting proof of what the law assumed.

The cases in this court referred to by the appellant are not in conflict with these views. *Houghtaling* v. *Kilderhouse* (1 N. Y. 530, affg. 2 Barb. 149), was an action for slander; for charging the plaintiff with poisoning defendant's horses and defendant pleaded not guilty. In reply to defendant's testimony, tending to prove the truth of the charge, the plaintiff offered to prove that his general character was good and the evidence was excluded. It is obvious that such evidence could not constitute any rebuttal of plaintiff's guilt, if shown by the circumstances disclosed by defendant's evidence.

*Pratt* v. *Andrews* (4 N. Y. 493) was an action for *crim. con.* with plaintiff's wife. Defendant gave evidence tending to prove plaintiff's knowledge and connivance, in support of a defense to that effect; but did not assail the general character of plaintiff's wife. Evidence was offered by plaintiff, in rebuttal, that the reputation of his wife was good before the defendant attended her as physician and it was excluded. The evidence had no bearing upon any issue in the case.

In *Young* v. *Johnson* (123 N. Y. 226) the plaintiff, in an action to recover damages for rape and after defendant had given his proof, offered evidence to prove her general reputation and good moral character in the community. The exclu-

sion of the evidence was upheld here, upon the ground that the plaintiff's reputation had not been attacked and that the defendant had expressly disclaimed any such purpose. In that case it was significantly remarked that if the testimony was admissible, as bearing upon the general issues in the case, it could have been given before plaintiff rested her case.

I think the judgment below was right and that it should be affirmed, with costs.

All concur.

Judgment affirmed.