### PRESS PUB. CO. v. McDONALD.

(Circuit Court of Appeals, Second Circuit. April 6, 1896.)

1. JURY—CHALLENGE TO THE FAVOR—REVIEW IN APPELLATE COURT.
    The decision of a trial judge, upon a challenge to the favor, the question before him being in the main one of fact, upon which he has the benefit of seeing the bearing and appearance of the juror, should not be set aside by an appellate court except for manifest error.

2. SAME.
    Upon the trial of an action for libel against the proprietor of a newspaper, one J., called as a juror, stated, on his examination, in reply to the defendant's counsel, that he had no prejudice against the particular newspaper, or newspapers of the city in general, though he thought such papers published articles which they should not; that his first impression would be against newspapers on a charge of libel, which it would require some effort to free himself from. To the judge, he said he had no doubt

of his ability to be impartial. To the defendant's counsel, again, he said that his feeling would affect his deliberation as to whether the defendant had exercised fair care in publishing the article in question, but to the judge, again, he said he did not mean that he would assume the newspaper had not exercised due care. The judge overruled a challenge to the favor. *Held* no error.

3. EVIDENCE—LIBEL—FALSITY OF DISPATCH.

On the trial of an action against the proprietor of a newspaper, for libel, in which the defendant attempts to reduce the damages by showing that the dispatch, containing the libel, was not wantonly or carelessly sent, evidence is admissible, on the part of the plaintiff, to show that the information on which the dispatch was based was untrue, and that investigation would have shown its falsity.

In Error to the Circuit Court of the United States for the Southern District of New York.

This writ of error was brought by the defendant in the circuit court, to review the alleged errors of the circuit judge upon the second trial to the jury of an action pending in the United States circuit court for the Southern district of New York, for an alleged libel which was published in the New York World.

John N. Bowers, for plaintiff in error.

Horace E. Deming, for defendant in error.

Before LACOMBE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The facts with respect to the alleged libel which is the subject of this suit—the publication itself, its actionable character, the law in regard to evidence of the plaintiff's social standing, and in regard to the subjects of express malice and punitory damages—were fully considered upon the first writ of error, and are stated in the opinion of this court. 11 C. C. A. 155, 63 Fed. 238. The questions which arise upon the present writ of error, which are both new and important, are the alleged errors in overruling a challenge to the favor, and in admitting the challenged person to become a juror, and in the admission of evidence in regard to the falsity of Gosdorfer's original dispatch.

Alonzo B. Jones, an architect, and apparently an intelligent and cautious person, who was called as a juror, was examined by the counsel for the defendant and by the judge. In reply to the defendant's counsel, he said, among other things, that he had no feeling or prejudice against the World, and no prejudice against the newspapers of the city of New York; that he thought the papers of the city published articles which they ought not to publish; that no publication in the World against any of his friends had been made; that the first impression would be against newspapers on a charge of libel; and that it was a feeling that would require some little effort for him to free himself from. To the judge he said that he had no doubt at all in regard to his ability to render an impartial verdict in any case against a newspaper, or of his ability to be impartial in a case against the World; that he would give the defendant corporation the benefit of the rules of law and of the evidence which was in its favor. The defendant's counsel then asked the following question: "If the case involved the precise point suggested by his

honor, as to whether or not the defendant has exercised fair care in the publication of an article affecting a private individual, would or would not the feeling that you hold affect your deliberation as a juror?" To which the witness replied, "I think it would." To the question of the judge, "Do you mean to say that you would assume that the newspaper had not exercised due care, irrespective of the character of the article, or the circumstances of the case?" he replied, "No; I do not."

Challenges in the federal courts to the favor are tried by the court (Rev. St. § 819), and an alleged error in the decision which is duly excepted to is the subject of review by the appellate court. But it must be remembered that the question before the trial judge, although one of mixed law and fact, is, in the main, a question of fact, and that, while he may be sometimes wrongly influenced by a desire to expedite the trial, or by impatience of delays, yet, if his mind is undisturbed, the impression which the juror makes of his intelligence, fairness, and evenness of mind, from a personal inspection of him, and the belief, in regard to his probable character, which is created by his appearance under examination, his bearing and willingness to disclose the nature and extent of his preconceived opinions, are valuable, and have deserved weight before an appellate court, and therefore the finding of fact by the trial court will not be set aside except for manifest error. Thus Chief Justice Waite, in Reynolds v. U. S., 98 U. S. 145, says, in regard to the finding upon a challenge for cause in a criminal case, the alleged cause being a preconceived opinion, as follows:

"It is clear, therefore, that, upon the trial of the issue of fact raised by a challenge for such cause, the court will practically be called upon to determine whether the nature and strength of the opinion formed are such as in law necessarily to raise the presumption of partiality. The question thus presented is one of mixed law and fact, and to be tried, as far as the facts are concerned, like any other issue of that character, upon the evidence. The finding of the trial court upon that issue ought not to be set aside by a reviewing court, unless the error is manifest. No less stringent rules should be applied by the reviewing court in such a case than those which govern in the consideration of motions for new trial because the verdict is against the evidence. It must be made clearly to appear that, upon the evidence, the court ought to have found the juror had formed such an opinion that he could not in law be deemed impartial. The case must be one in which it is manifest the law left nothing to the 'conscience or discretion' of the court."

The tendency of the modern decisions by the New York court of appeals is also to regard the question arising under a challenge to the favor as one of fact in the majority of cases, and dependent upon the circumstances of the particular case, and therefore to give proper weight to the opinion of the trial judge, who had an opportunity to see the juror. Thomas v. People, 67 N. Y. 218; Young v. Johnson, 123 N. Y. 226, 25 N. E. 363.

In this case, if the answer of Jones to the last question which was put by the defendant's counsel was the only, or was the main, answer in the examination, the challenge should have been sustained. He had said, abundantly, that he had no feeling or prejudice against the World, but that his first impression would be against newspapers who were charged with libel. In reply to the court, and to a certain

extent, also, from his previous answers, it became apparent that this impression was a general one that newspapers were not as careful as they should be in regard to their publications concerning the private transactions of individuals, but he had no doubt that he could render an impartial verdict in a case against the World or any other newspaper, and would give to the defendant the benefit of the evidence in its favor. At this point the court overruled the challenge. The counsel then put the question and answer which has already been quoted, and in reply to the court's question the witness said that there would be no assumption on his part that the newspaper had not exercised due care. The court again overruled the challenge, evidently upon the ground that the entire examination showed that, while there was an impression that newspapers as a class were not as careful as they ought to be in publications of a personal character, yet that the man not only intended to be impartial, but was actually so, and that his impression or "feeling" was not of that substantial character which would interfere with and put his judgment, or faculty for judging truly, out of equipoise. When the juror was asked about this vague impression or feeling, his answers gave it undue importance. When he investigated his own impartiality, he had no doubt of himself, and in that conclusion the trial judge, who saw and endeavored to scrutinize and weigh the juror, coincided. We concur in his conclusion that the impressions were of the character "which may fairly be presumed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of it," and which Chief Justice Marshall thought constituted no sufficient objection to a juror. 1 Burr's Trial, 416, Fed. Cas. No. 14,692g.

The defendant urges Jones' prejudice against newspapers as an objection to his competency, upon the ground that a juror who has a prejudice against a lawful business is incompetent. Assuming that the proposition is true, Jones' impression in regard to the methods of conducting newspapers was not of that character which could be considered a disqualifying prejudice.

The next exception relates to the admission of testimony in regard to the falsity of Gosdorfer's original dispatch. The case really turned upon the question of damages; the effort of the defendant being to reduce them to a nominal sum, and to that end to show that there was no wantonness or carelessness, but that it exercised a high degree of care in the selection of correspondents, and in the reliance upon them for truthful dispatches. It offered Gosdorfer as a witness, who proved that he wrote and sent the original dispatch, and also offered the dispatch itself. Upon the cross-examination of Gosdorfer, the plaintiff endeavored to show that he had, without investigation, incorrectly changed the language of the statement which he originally saw in regard to Evan Smith, and offered further evidence to show the untruthfulness of the dispatch as sent, and that investigation would have shown its incorrectness. This testimony was admissible for the purpose for which it was offered, to attempt to refute the theory of the defendant of adequate care in the collection and publication of news, by an examination of the truthfulness

of the dispatch which the defendant had put in evidence as the origin of the published dispatch.

The general subject of testimony in regard to the social status of a libeled plaintiff was so fully examined in the former opinion that the discussion needs no repetition. The amount of testimony of that character upon this trial was kept within proper bounds by the trial judge. After the plaintiff had stated the character and extent of the social and business positions which he occupied, a single witness replied most briefly to a very general inquiry in regard to the plaintiff's business and social standing.

The judgment of the circuit court is affirmed, with costs.