## McKANE v. HOWARD.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

BREACH OF MARRIAGE PROMISE (§ 22*)—CHARACTER—EVIDENCE—ADMISSIBILITY.

Where, in an action for breach of a marriage promise, defendant alleged that prior to the promise plaintiff was unchaste, and various witnesses for defendant swore to improper relations with plaintiff before the promise of marriage, which she denied, plaintiff was then entitled to show that until her relations with defendant became known her reputation for chastity was good.

[Ed. Note.—For other cases, see Breach of Marriage Promise, Dec. Dig. § 22.*]

Houghton and Cochrane, JJ., dissenting.

Appeal from Trial Term, Franklin County.

Action by Elizabeth McKane, by Maria McKane, her guardian ad litem, against Leslie Howard. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Main, Cooney & Main (Andrew B. Cooney, of counsel), for appellant.

Moore & Berry (R. M. Moore, of counsel), for respondent.

JOHN M. KELLOGG, J. The action is to recover damages for breach of promise, the complaint alleging the seduction of the plaintiff under such promise and the birth of a child; that prior to the engagement she was a stenographer, but on account of her condition, brought about by her relations with the defendant, she was compelled

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to give up her position as stenographer, spent much time and money in preparing for marriage, and in and about her sickness and confinement, "all of which defendant well knew, and said infant plaintiff became an object of scorn and ridicule to her relatives, friends, and other acquaintances, and was and is unable to procure further employment by reason of the birth of said child, and has suffered great damage to her health and reputation, in all amounting to the sum of $20,000."

The answer was substantially a general denial, and alleged that prior to the alleged promise the plaintiff was unchaste, and had intercourse with divers men other than the defendant prior to the alleged promise, and that her pregnancy was the result of such intercourse, and that the defendant learned of those facts, and thereby became absolved from the promise to marry the plaintiff, if any there was.

At the close of the plaintiff's case she put a witness upon the stand and sought to establish her reputation for chastity in the community, which evidence was then excluded; the court remarking that her character was presumed to be good until the contrary was shown, and that it is time to establish it when it is attacked. Various witnesses were called by the defendant, who swore to improper relations with the plaintiff before the alleged promise of marriage, which were denied by the plaintiff. Plaintiff was then permitted to show, over defendant's exception, that until her relations with the defendant became known her reputation for chastity was good.

We need not consider whether, in an ordinary action for breach of promise, the character of the plaintiff is so far in issue that she may sustain it by proof of general reputation, where her general reputation as such is not attacked, but only specific acts of lewdness are attempted to be shown against her. In this case the complaint directly tenders the issue that her good name and character was injured, and that she became an object of scorn and ridicule, and suffered great damage to her reputation, and these allegations are substantially denied. I think, therefore, the evidence was competent, within Stafford v. M. J. Ass'n, 142 N. Y. 598, 37 N. E. 625, Young v. Johnson, 123 N. Y. 226, 25 N. E. 363, and White v. Newcomb, 25 App. Div. 397, 49 N. Y. Supp. 704.

We have considered the other questions raised, and find no error to the prejudice of the defendant. The evidence well sustains the verdict.

The judgment and order should therefore be affirmed, with costs.

SMITH, P. J. (concurring). I agree with Mr. Justice Kellogg in his reasons assigned for the affirmance of this judgment, and I go one step further. In my opinion the evidence of the plaintiff's good character was admissible, irrespective of any allegation in the complaint, from the time that the defendant assailed her character by specific acts of immorality on her part. In Smith v. Hall, 69 Conn. 651, 38 Atl. 386, the headnote in part reads:

"In an action for breach of promise of marriage, the character of the plaintiff for chastity, when attacked, can always be sustained by evidence of reputation."

Upon this question the opinion reads:

"The plaintiff was permitted, against the defendant's objection, to offer evidence of her good character and reputation for chastity in rebuttal.. In his answer the defendant alleged that the plaintiff was a person of immoral character and habits and had been the keeper of a bed house; and he introduced evidence in support of these allegations, which directly attacked the reputation of the plaintiff for chastity. Under these circumstances the ruling was correct. In cases of this kind the character of the plaintiff for chastity, when attacked, can always be sustained by evidence of reputation. Dent v. Pickens, 34 W. Va. 240 [12 S. E. 698, 26 Am. St. Rep. 921]; Sprague v. Craig, 51 Ill. 288; Jones v. Layman, 123 Ind. 569 [24 N. E. 363]; Haymond v. Saucer, 84 Ind. 3."

The rule as here stated seems to me salutary. The plaintiff, thus attacked, should have the right to sustain her denial by evidence of good character. She cannot bring proof to rebut specific instances, and without the right to prove her general reputation for chastity in defense of such a charge she is at the mercy of an unscrupulous defendant, who could easily produce false testimony of such acts of immorality.

Judgment and order affirmed, with costs. All concur (SMITH, P. J., in memorandum), except HOUGHTON, J., who dissents in opinion in which COCHRANE, J., concurs.

HOUGHTON, J. (dissenting). I cannot concur in an affirmance of this judgment. I do not think the complaint pleads previous good character or reputation in any such sense as made proof of good repute a part of plaintiff's substantive case. The complaint is the ordinary one in breach of promise of marriage, with the aggravating circumstance of seduction. The only allegation with respect to reputation is that contained in the fifth paragraph. That paragraph attempts to set forth some special damages, to the effect that, being engaged in the business of stenographer, on account of her engagement to marry the defendant and her condition of pregnancy she was compelled to give up her position, and spend time and money in her preparation for such marriage, and in and about her sickness, and concludes in the following language:

"And said infant plaintiff became an object of scorn and ridicule to her relatives, friends, and other acquaintances, and was and is unable to procure further employment by reason of the birth of said child, and has suffered great damage to her health and reputation, in all amounting to the sum of $20,000."

The complaint nowhere alleges that the plaintiff was, prior to her relations with the defendant, of good reputation or of chaste character. The allegation to the effect that she suffered great damage to her health and reputation is a mere incident, set forth as flowing from the acts complained of. Every woman who has made a contract for marriage with a man, who, without cause, refuses to keep it, suffers in her reputation, and especially does she suffer in her reputation if the promise is accompanied with seduction. While technically an action to recover for breach of promise to marry is based on contract, the damages sound in tort, and punitive damages may be awarded, depending upon all the facts and circumstances, including the animus of the

defendant, surrounding the promise and its breach, tending to disturb the peace of mind of the female and to destroy her social standing and reputation. While reputation is incidentally involved, it is not directly so, as in actions for slander or libel.

In Stafford v. M. J. Association, 142 N. Y. 598, 27 N. E. 625, and White v. Newcomb, 25 App. Div. 397, 49 N. Y. Supp. 204, relied upon in the prevailing opinion for the sustaining of the judgment in the present case, the complaints were' entirely different from the one at bar. In the former the action was for libel, and the complaint alleged that the plaintiff was of good character and repute; and the latter was for slander, and the complaint alleged that the plaintiff had always been of chaste character and good repute. These allegations were put in issue by the respective answers, and it was upon that specific ground, coupled with the fact that there was no disclaimer on the part of the defendant of intention not to put the reputation of plaintiff in issue, that evidence of the general reputation for chastity was held proper.

The cause of action in Young v. Johnson, 123 N. Y. 226, 25 N. E. 363, the other authority relied upon, was for assault, accompanied by rape, followed by the birth of a child, and it is not disclosed whether the complaint alleged good character or reputation. On the trial the defendant denied the assault, and proved circumstances tending to show the improbability of his having committed the assault, and in addition proved acts of familiarity and impropriety on the part of the plaintiff with other men at about the time she must have become pregnant. In rebuttal the plaintiff offered to prove that before the occurrence she was of good moral character in the community where she lived according to the speech of people, and the evidence was excluded. The verdict being for the defendant, the plaintiff claimed this was error. The court held that the evidence was properly excluded, but left the question open to some doubt as to whether, if the proof had been offered in chief, instead of rebuttal, it would have been competent.

On the trial of the present action, and before plaintiff had rested her case, she offered to prove her reputation in the community in which she lived for chastity, and on objection that it was immaterial and inadmissible the court remarked that presumptively it was good until the contrary was shown, and that the proper time to establish such reputation was after it had been attacked. The defendant then introduced his evidence, denying any promise of marriage on his part, and proving, in addition, as he had a right to do, as an excuse for nonperformance, if the jury should find he did make the promise, specific acts, unknown to him at the time the promise was claimed to have been made, of unchastity on the part of the plaintiff. After the defendant had rested, and in rebuttal, the plaintiff called a witness to prove the plaintiff's good reputation for chastity in the community in which she lived prior to the occurrence in question. This was objected to by the defendant as immaterial and inadmissible under the pleadings, coupled with a statement that there had been no attempt on the part of the defendant to impeach the plaintiff's reputation as such. Upon inquiry by the court whether he meant to say that the defend-

ant had not attempted by proof of the specific acts of unchastity to impeach her character, the defendant's counsel acknowledged that, of course, they had done that, but not by reputation from the speech of people. The learned trial court held that the evidence was competent, because the plaintiff's character was in issue, not specifically because of the pleadings, but necessarily, and that proof of her reputation was the only way to restore it, except through denial of the acts which had been proved. Thereupon several witnesses were sworn, having more or less knowledge of her reputation, for chastity, and said it was good. The question to two of the witnesses embraced her reputation for truthfulness as well as chastity. Very likely this latter was an oversight, for the ruling of the court did not go to the extent of permitting proof of her reputation for truth.

It is apparent that counsel for the defendant did what he could to disclaim that there was any intention on the part of the defendant to attack the general reputation of the plaintiff. What the defendant intended to do, and what he did do, was, not to mitigate the damages of the plaintiff by showing that she was of bad reputation, but to relieve himself entirely from his promise, if he ever made any, by showing that the plaintiff was unchaste when the alleged promise was made. The theory upon which a man is relieved from his promise to marry when the woman, unknown to him, has been unchaste, is that he is presumed to contract with her as a pure woman, and that the concealing of her unchastity is a species of fraud and imposition upon him, which relieves him from his contract. In addition to his denial that he made any promise at all, the defendant set up the specific defense that he was relieved from any contract which he might have made to marry the plaintiff because of her previous unchastity. He did not plead that her damages should be mitigated because she was of bad repute.

In the absence of any tender of the issue of previous good reputation, it is apparent, on principle, that proof by the plaintiff of good reputation for chastity is incompetent as evidence in chief, and also incompetent as evidence in rebuttal, where the defendant has only proved specific acts of misconduct. Specific acts of misconduct are not proper in establishing bad reputation, and necessarily good reputation does not tend to prove the noncommission of improper acts. I do not understand the majority of this court to be of the contrary opinion. The following authorities seem to me to be conclusive upon the proposition: Houghtaling v. Kilderhouse, 1 N. Y. 530; Pratt v. Andrews, 4 N. Y. 493; Bracy v. Kibbe, 31 Barb. 273; Schaeffer v. Oppenheimer, 9 N. Y. St. Rep. 688. Such is the direct holding in an action for breach of promise of marriage in Leckey v. Bloser, 24 Pa. 401. The views of the earlier writers on the Law of Evidence are set forth in Pratt v. Andrews, supra; and Mr. Wigmore, in his later work on Evidence, concludes that the better rule is that such evidence is incompetent, unless the "reputed character" of the plaintiff has been attacked, for the purpose of mitigating damages, or has been specially pleaded by plaintiff and denied by defendant. Volume 1, §§ 75, 76, 202–207. Smith v. Hall, 69 Conn. 651, 38 Atl. 386, is not to the contrary, for in that case the defendant pleaded and proved bad reputation

of the plaintiff and not specific acts of lewdness. The only difficulty which the adjudications seem to labor under is to determine when the reputation is attacked. It is manifest that the reputed character or reputation of a person, which can be made good or bad by the speech of people, is not attacked in any legal sense by the obtaining of damaging admissions on cross-examination or by affirmative proof of specific immoral acts.

The doctrine enunciated in People v. Rector, 19 Wend. 569, upon which the learned counsel for the respondent relies, is directly repudiated in People v. Gay, 7 N. Y. 378. Bowerman v. Bowerman, 76 Hun, 46, 27 N. Y. Supp. 579, upon which the respondent also relies, was an action for fraud, and the holding that proof of the good general reputation of the person charged with the fraud was permissible for the purpose of rebutting the presumption that he committed it was manifestly wrong and against all modern authority. If the rule be as stated, and there was no tender of issue of reputation by the pleadings, the ruling of the learned trial court was erroneous. However meritorious the plaintiff's claim may be, the defendant has the right to be adjudged by competent evidence. Undoubtedly the plaintiff's character witnesses, in the minds of the jury, tended very strongly to overthrow the defendant's proof of plaintiff's lewdness.

Because of the error which it seems to me was committed upon the trial, I think the judgment should be reversed, and a new trial granted.