Richard S. Lane, J.
On May 22 and May 23,1970 an advertisement appeared in the Long Island Daily Press inviting single adults to meet new people 1 ‘ preselected to please you ’ ’ by calling a given telephone number “ for interesting recorded message.”
*255 On July 3, 1970 a similar advertisement appeared in the New York Daily Column.
All three advertisements were placed in the respective newspapers through defendant, Compatibility Research. In each instance apparently by error the telephone number given was that of plaintiffs residing in Bellerose, Long Island, and totally innocent of any participation in the venture.
Not unexpectedly plaintiffs were deluged with telephone calls, many of them obscene. At first the calls came in a steady stream day and night continuing, although in decreasing numbers of course, for several weeks after each advertisement. They caused plaintiffs to suffer humiliation, anguish, irritation, not to mention several sleepless nights at the inception of the advertisements. Mrs. Blinick had been suffering from high blood pressure prior to the advertisements and testified to aggravation thereof. There was, however, no testimony that she was caused to consult with her doctor or to take any medication except that on the first day she took a pill which had been prescribed for her for moments of stress and which she had in her possession.
Defendant Compatibility Research failed to answer after having been served through the Secretary of State. Defendant New York Daily Column settled and the cause of action against it was discontinued reserving rights against the remaining defendants. Defendant Long Island Daily Press failed to appear on several occasions on which the matter was set down for trial and finally an inquest was ordered. On the date of the inquest counsel for Long Island Daily Press was present, and, in the interest of reaching truth, I allowed him to participate to the extent of cross-examining the plaintiffs.
The liability of defendant, Compatibility Research, is established by the error in the text of the advertisements placed. It is conceivable, of course, that the error was rather that of the newspapers in printing, but Compatibility did not appear to offer that defense and the fact that the same error was made in two separate newspapers at separate times renders such hypothesis extremely unlikely.
Should defendant, Long Island Press be held liable for the error of Compatibility? It of course contends that it is entitled to rely on the text submitted by advertisers. The court disagrees. The test should be a weighing of the potential of the text for damage in the event of error as against the difficulty or hardships in checking the text. Articulating the test in this manner renders the determination easy. The suggestive nature *256 of the text of these advertisements especially in the current climate of freer expression of sexual feelings renders it highly foreseeable that what happened would happen if the telephone number was wrong. On the other hand checking the telephone number would have been the work of only a minute or so.
If a newspaper or other media of communication wishes to print or distribute this kind of advertisement, it must likewise accept the concommitant burden of verifying any telephone number or address given (Stafford v. Morning Journal, 68 Hun 467, affd. 142 N. Y. 598). The court finds that defendant, Long Island Press, was negligent in not so verifying.
Plaintiffs may have judgment against defendant, Long Island Press in the amount of $1,750 together with the costs and disbursements of this action. Plaintiffs may have judgment against defendant, Compatibility Research on both causes of action combined in the amount of $2,500 together with the costs and disbursements of this action.